the chattel mortgage. Hence the plaintiff was not put to her proof on that subject. I think that it was error to set aside the verdict, and that the order should be reversed, and judgment directed for the plaintiff on the verdict.

SEWELL, J., concurs.

(64 App. Div. 430.)

## DECKER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. October 11, 1901.)

1. COLLISION WITH STREET CAR—REASONABLE CARE.
    Plaintiff, a policeman, was in charge of a patrol wagon driven by another policeman in answer to a call, the horses going at a brisk trot, and the bell ringing. The street on which they were driving was down grade. When reaching the curb line of a certain intersecting street, the driver saw a street car approaching between 30 and 100 feet away, whereupon he whipped the horses, and attempted to cross the track ahead of the car, but the car struck the hind wheel of the wagon. and plaintiff was thrown out and injured. *Held*, that the driver exercised the degree of care which a reasonably prudent man would have used under such circumstances.

2. APPEAL—CONFLICTING EVIDENCE—VERDICT.
    A verdict on conflicting evidence will not be disturbed on appeal.

Appeal from trial term, Kings county.

Action by David E. Decker against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

John L. Wells, for appellant.
Martin P. Lynch, for respondent.

WOODWARD, J. This action was brought to recover damages for a personal injury sustained by the plaintiff in a collision with a car of the defendant at the intersection of Putnam and Central avenues in Brooklyn. Plaintiff, a policeman, was in charge of a heavy patrol wagon, driven by another policeman. They were coming down Putnam avenue upon a brisk trot, one of the horses galloping, as testified by one of the witnesses. They were going down grade, the ratchet bell ringing. The evidence is conflicting as to the position of the car, but it is evident that the car was near to the crossing, running at about the usual rate of speed, when the horses on the patrol wagon reached the curb line, and while in this position, the car from 30 to 100 feet away, the driver whipped up his horses, and attempted to pass in front of the advancing car. The preponderating evidence is that the car struck the wagon back of the rear hub, shoving the wagon and fallen horses some distance, and throwing the car, a light four-wheel car, from the track. The jury found the facts in favor of the plaintiff, and rendered a verdict for $3,125. From the judgment entered upon this verdict, and from an order denying a motion for a new trial, appeal comes to this court.

The appellant urges but a single point upon this appeal, and that is that "the facts presented permit of no other conclusion than that the accident was due entirely to the fault of the driver of the patrol wagon, and the defendant's motion to dismiss the complaint should have been granted." This accident occurred at a street intersection, where the rights of the parties were equal. The driver of the patrol wagon (whose negligence might, perhaps, be imputed to the plaintiff, and it was in this light that the question was presented to the jury by the charge of the learned trial court) was bound only to the exercise of that degree of care which a reasonably prudent man would or should have exercised in like circumstances; and we are of opinion that the evidence supports the conclusion that the plaintiff did exercise the degree of care which was fairly to be expected of the driver of a patrol wagon. He was ringing the ratchet bell. He was driving in response to a call, and he had a right to assume that approaching street cars would be under control at street intersections. The evidence is that when within a few feet of the tracks of the defendant the driver of the wagon saw that approaching car, and whipped up his horses in an effort to cross ahead of the car. The jury had a right to take into consideration that the patrol wagon was acting in a public emergency; that it was, as is customary, being driven at a high rate of speed, and going down grade; and the fact that the driver used the whip, instead of attempting to stop the horses before they reached the track. It may have been prudent for the driver to attempt to pass over the tracks rather than to try to bring the team, with its heavy wagon, to a standstill within the few feet which intervened between the tracks and the horses at the moment of discovering the approaching car, and it was for the jury, with all the evidence before them, to determine whether the driver was exercising that reasonable degree of care which the circumstances demanded. There was a conflict of evidence, the jury have resolved the facts in favor of the plaintiff's contention, and the judgment should be sustained.

The judgment and order appealed from should be affirmed, with costs. All concur.