# CHARLESTOWN.

PHILLIPS *et ux. v.* RITCHIE COUNTY.

Submitted September 12, 1888.—Decided September 15, 1888.

1. DAMAGES—DEFECTS—LIABILITY OF COUNTY—PUBLIC ROAD.

To render a county liable for an injury sustained on a public road or highway, the defect in the road, either alone or combined with some matter of pure accident for which the plaintiff was not in fault, must have been the sole cause of injury.

2. DAMAGES—CONTRIBUTORY NEGLIGENCE.

A traveler on a public road must exercise at least ordinary care and caution. No recovery can be had by the plaintiff in an action against a county where his negligence in any degree contributed to the injury, unless the defendant being aware of the plaintiff's danger and having the opportunity to avert it fails to use ordinary caution to do so. If the plaintiff voluntarily incurs danger so great that no sensible or reasonable person would have incurred it, in the absence of negligence on the part of the defendant that exhibits a design or intention to wantonly injure him, he will be precluded from a recovery.

3. DAMAGES—PUBLIC ROAD—CONTRIBUTORY NEGLIGENCE.

Where the defect or obstruction in the road is merely a remote cause of the injury, and the want of care or negligence of the plaintiff is the direct or proximate cause of the injury, the plaintiff can not recover.

4. DAMAGES—PUBLIC ROAD—CONTRIBUTORY NEGLIGENCE.

A case in which it is held that where the facts proved show that the plaintiff, sitting in his buggy, drove upon a visible and dangerous land-slide in the road, and thereby his buggy was upset, and he was injured, the plaintiff is not entitled to a verdict; and if one is found for him by the jury the court should set it aside.

*H. Peck* for plaintiff in error.

*H. C. Showalter* for defendants in error.

SNYDER, JUDGE:

This action was commenced before a justice of Ritchie county by A. A. Phillips and wife against the County Court of said county, to recover damages for injuries sustained by the plaintiffs by reason of the neglect of defendant to have a certain public road in the county kept in repair. The defendant pleaded not guilty; and, on the motion of the plaintiffs, the action was tried by a jury, which, on April 7, 1888, returned a verdict in favor of the plaintiffs for $300.00. The defendant moved the justice to set aside the verdict, which he refused to do, and entered judgment for the amount found by the verdict and costs; whereupon the defendant excepted to the action of the justice, and asked him to certify all the facts proven on the trial, which he did in a bill of exceptions duly signed and made part of the record. The defendant prepared a petition, assigning errors in the action

and judgment of the justice, and praying a writ of *certiorari* to said judgment, which it presented to the judge of the Circuit Court of Ritchie county; and said judge, in vacation, on the 27th day of April, 1888, made an order refusing said writ. From this order the defendant has obtained this writ of error.

The plaintiff in error, the County Court, insists that the circuit judge erred in refusing to award the *certiorari* upon sundry grounds; but as all of them are plainly untenable, except the one that the verdict of the jury was not warranted by the facts proved, I shall confine myself to a consideration of that ground. This Court in *Chapman* v. *Milton, supra* p. 384, 7 S. E. Rep. 22, decided that our statute (section 53, ch. 43, Code) imposes an absolute liability upon cities and towns for injuries sustained by reason of their failure to keep their streets and side-walks in repair; and, as a consequence thereof, the plaintiff, in an action against the city or town for injury sustained from defects in the street or side-walk, is not required either to aver in his declaration, or prove on the trial, that the defendant had notice of such defect or the want of repair. As this same statute in the very same terms imposes a like liability upon the County Court for injuries sustained by reason of a public road or bridge being out of repair, it necessarily results that in an action against the County Court, such as the one at bar, it is unnecessary for the plaintiff to aver or prove that the defendant or the county authorities had notice of the defect which caused the injury. 6 Wait. Act. & Def. 328; Ang. & A. Highw., § 299.

A county is not liable for every object which renders a public road unsafe and inconvenient for travelers to pass over it, but only for such as not only render the road unsafe and inconvenient, but also defective or out of repair; and the injury must be attributable to the defect or want of repair. *Cook* v. *Charlestown*, 13 Allen, 190, note. It is not liable for latent defects not discoverable by the use of ordinary care and prudence on its part. *Prindle* v. *Fletcher*, 39 Vt. 255. It is not required to make the traveled part of the highway the whole width of the road as laid out, and will not be liable for defects in that part not usually traveled upon, which do not affect the safety of the other part. *Dickey*

v. *Telegraph Co.*, 46 Me. 483; 6 Wait. Act. & Def. 332. To render a county liable for an injury sustained on a highway, the defect, either alone, or combined with some matter of pure accident, for which the plaintiff was not in fault, must have been the sole cause of the injury. *Hawes* v. *Fox Lake*, 33 Wis. 438. In *Wilson* v. *Charlestown*, 8 Allen 137, it was held that a person who voluntarily attempted to pass over a side-walk which he knew to be very dangerous by reason of ice upon it, which he might easily have avoided, could not maintain an action against the town, which was bound to keep the way in repair, to recover damages for injuries sustained by falling upon the ice. The duty of the county to the traveling public does not extend to the degree of keeping its roads in such a condition that no injury can possibly happen.

While the proper degree of care is required from the county, so, upon the other hand, at least ordinary care is required from the traveler. He can not shut his eyes against apparent dangers, and drive recklessly along the highway. He is bound to keep his eyes open, and maintain a proper degree of watchfulness against danger. *Hubbard* v. *Concord*, 35 N. H. 52. He can not, with impunity, drive into or over a dangerous place in the highway, simply because he can not pass without doing so; neither can he drive against an obstruction because it happens to be in the highway. *Raymond* v. *Lowell*, 6 Cush. 524. It is only against accidents that result to the plaintiff while he is in the exercise of reasonable care that the county is bound to indemnify him; and generally it is a question for the jury whether the plaintiff was at the time of receiving the injury, in the exercise of proper care. But where the facts are uncontroverted the court may determine the question. *Jenks* v. *Wilbraham*, 11 Gray 142.

In any action against a town or county for injuries resulting from defects in the highway, it is generally a good defence to show that the plaintiff was himself guilty of contributory negligence. Without attempting to enumerate instances in which the negligence of the plaintiff will bar a recovery by him, it is sufficient to state that no recovery can be had where the plaintiff's negligence in any degree contributed to the injury, unless the defendant, being aware of the plaintiff's danger, and having the means and oppor-

tunity to avert it, fails to use ordinary caution to do so. If the plaintiff voluntarily incurred danger, so great that no sensible or reasonable person would have incurred it, in the absence of negligence on the part of the defendant that exhibits a design or intention to wantonly injure him, he will be precluded from a recovery. But the degree of negligence on the part of the plaintiff, that must exist in order to excuse the defendant, must be such as directly contributed to the injury; that is, it must be in whole or in part the direct or proximate cause of the injury. 6 Wait Act. & Def. 595–599; *Washington* v. *Railroad Co.*, 17 W. Va. 190. In *Gerity* v. *Haley*, 29 W. Va. 98, this Court decided that, " where negligence is the ground of an action, it rests upon the plaintiff to trace the fault for his injury to the defendant; and for this purpose he must show circumstances under which the injury occurred; and if, from these circumstances so proven by the plaintiff, it appears that the fault was mutual, or, in other words, that contributory negligence is fairly imputable to him, he has, by proving the circumstances, disproved his right to recover; and, on the plaintiff's evidence alone, the jury should find for the defendant."

Let us apply these legal rules and principles to the facts proved in the case at bar. The plaintiffs proved the following facts: On July 17, 1887, the plaintiffs, with their child, in a one-horse buggy, passed over road section No. 72, a. public road, in Ritchie county, to church. Between their residence and the church there was a land-slide in said road, consisting of dirt and rocks which had come from the bank above into and across the road, to within about two feet of the lower edge. Said land-slide was ten or twelve feet wide, near four feet deep at the upper edge of the road, and extending, with a gradual descent, to a few inches in depth at the lower edge of the land-slide. Upon their return from church on the same day, and in crossing said land-slide, two wheels of the buggy passing over a rock about six inches high, and near the middle of the land-slide, the buggy suddenly pitched forward, and thus frightened the horse, there being nothing else to plaintiffs' knowledge to frighten him, and thereupon the horse ran away. Plaintiffs reined the horse to the upper side of the road, the buggy running in a

tilt upon two wheels; and, at a distance of about 40 feet from the land-slide, the buggy turned over, two wheels thereof having ascended the bank at the upper side of the road, throwing the plaintiffs and their child out of the buggy upon the ground, and injuring them. It was further proved that said horse was a very quiet work-horse in a buggy, and that said land-slide came into the road on July 9, 1887, eight days before the plaintiffs were injured.

These facts show clearly that the road was out of repair, and in a dangerous condition. The only question, therefore, is, do they show that the negligence of the plaintiffs in any degree contributed directly to the injury suffered by them? It seems to me, according to the rules and principles of law before stated, that there can be no doubt that such was the fact. The whole roadway, with the exception of about two feet, was obstructed by the land-slide, which was four feet deeper or higher on the upper or bank side of the road than it was on the lower. In fact, the roadway was almost entirely closed by the obstruction. The testimony of the plaintiffs shows that they regarded this obstruction, consisting of rocks and dirt, as dangerous. It was not only open and visible, but the plaintiffs knew its exact condition; and, notwithstanding these facts, they heedlessly and recklessly ran upon it. And, what was still more reckless and inexcusable, neither of them got out of the buggy, or took any precaution to avoid any accident or injury; but, in the face of almost unavoidable danger, they all remained in the buggy, and drove the horse and buggy over the obstruction. No sensible or reasonable person could have expected to escape injury in doing such an act. They not only did this, but they drove the buggy over a rock about six inches high, as though they were determined to upset it. It is plain, from all these facts, that the plaintiffs not only contributed to the injury they sustained, but their recklessness was the direct and sole legal cause of it. They took an unreasonable and dangerous risk, and, having sustained injury thereby, they cannot escape responsibility by showing the defective condition of the road. The condition of the road was merely a remote cause of the injury, while the acts and negligent conduct of the plaintiffs were the direct and proximate cause of it.

For these reasons, I am of opinion that the petition of the defendant, the County Court, and the record accompanying the same, showed sufficient error in the action and judgment of the justice to entitle it to the writ of *certiorari*. *Fouse* v. *Vandervort*, 30 W. Va. 327, 4 S. E. Rep. 298. The order of the judge of the Circuit Court refusing said writ must therefore be reversed, the writ awarded, and the case remanded to the Circuit Court for further action, and such proceedings as the law directs.

REVERSED.  REMANDED.