# WHEELING.

## VAN PELT v. TOWN OF CLARKSBURG.

Submitted February 1, 1896—Decided June 5, 1896.

| 42 | 218 |
|----|-----|
| 51 | 404 |
| 42 | 218 |
| 54 | 516 |
| 42 | 218 |
| 57 | 293 |
| 42 | 218 |
| 58 | 313 |
| 42 | 218 |
| 164 | 134 |
| 64 | 240 |
| 65 | 175 |
| 42 | 218 |
| 66 | 688 |

1. MUNICIPAL CORPORATIONS—STREETS AND ROADS.

A municipal corporation is not an insurer against accidents upon its streets and roads. Nor is every defect therein, though it may cause the injury sued for, actionable. It is sufficient if the streets and roads are in a reasonably safe condition for travel in ordinary modes, with ordinary care; and whether so or not is a practical question to be determined in each case by its particular circumstances.

2. MUNICIPAL CORPORATIONS—STREETS AND ROADS—ACTIONABLE DEFECTS IN STREETS.

While the liability of municipal corporations in such cases is in its nature absolute, that does not refer to the cause of action. That must exist before liability arises—such cause as raises the liability.

3. Care in use of public roads enjoined.

JOHN BASSEL, M. M. THOMPSON and C. W. LYNCH for plaintiff in error, cited 19 W. Va. 323; 31 W. Va. 477, 842; 39 W. Va. 659; 40 W. Va. 484.

E. G. SMITH for defendant in error, cited Code, c. 43, s. 53; 16 W. Va. 307; 6 W. Va. 312; 19 W. Va. 323, 324; 23 W. Va. 14; 31 W. Va. 384, 476, 477, 842; Acts 1872, c. 194, s. 60; 32 W. Va. 55, 61; 35 W. Va. 406; 33 W. Va. 548; 37

W. Va. 578; 39 W. Va. 472; 30 W. Va. 177; 37 W. Va. 111.

BRANNON, JUDGE:

Robert Van Pelt obtained a judgment on a verdict for six hundred dollars against the town of Clarksburg, for injury received from a defect in one of its highways, and the town has sued out this writ of error.

The injury was not received in one of the main streets, but in a turnpike road in the suburbs. There was a side ditch to drain the water from a hillside along this turnpike, and the town made a gutter to let the water from the ditch across the road. This road was much used in hauling coal from two coal banks into the town, and for other purposes; and winter weather and use had worn this gutter so that at a point it became, say, sixteen to eighteen inches deep and two and a half feet across, and might be called a "chuck hole." A good deal of water collected in it, and, at the time of this mishap, it was frozen over with ice. Van Pelt was hauling coal with a two-horse wagon from a coal bank into town. He passed over this gutter with empty wagon in going for a load to the coal bank, and did not break through the ice; but, returning with a load of coal, he sitting on a spring seat, the wagon broke through the ice, causing a jolt, which threw Van Pelt to the ground, inflicting the injury for which he sued.

Taking the evidence of the plaintiff's side alone, we conclude that it does not show such a defect in the road as renders the town liable in this action. The gutter or waterway was a necessity in order to pass the water across the road. It was winter. Wagons had worn it some, and at one place made it deeper than elsewhere, so that it was a chuck hole; but, at worst, it was only about eighteen inches deep, by no means worse than we find everywhere in the towns and counties of this state. Perhaps, in the bad weather, it had, within a few days become a little deeper. The road was used by everyone, and was by no means impassable. No other accident happened there. No one hesitated for a moment to use the road because of this gutter, or that part of it which was worst. It was

easily avoided in driving. Evidence on both sides clearly shows that with ordinary care, there was no danger in crossing it.

A disposition is manifest to attribute every casualty occuring in travel on highways to defects in the highways, and mulct counties and towns in oppressive damages. This disposition grows. It has probably been inspired by a misapplication of language used in former decisions of this Court, which is construed as defining what kind of defects give action, rather than as defining the character of the liability when once an actionable defect exists. When the Court has heretofore said that the liability of the town is absolute, whether it had notice of the defect or not, it was not meant that the presence of any and every defect in a street contributing to an injury would render the town liable, without regard to the character of the defect, but that, when once such defect was shown as would be actionable, then the liability was absolute in character, whether the town had notice of the defect or not. The statute does define the character of liability, or, rather, the liability which it imposes is absolute in character when the cause or ground of liability exists; but it does not define that cause or ground of liability by saying what manner of defect in a street will fix that liability, leaving this an open question in each case, to be determined under all the circumstances, taking into consideration the physical structure and nature of the country, its climate, and other things naturally pertinent to the matter. If this construction of the statute is not given, then our counties and towns must keep watchmen always on their streets and roads to discover every deterioration in them, from weather and wear, and instantly repair them at all seasons; in short, keep them in that high state of repair which would tax most of the counties and towns of the state beyond their capacity to bear. Such a construction would beget innumerable suits. Such a construction would make counties and towns insurers against all accidents befalling travelers. This line of distinction is drawn in *Yeager* v. *City of Bluefield*, 40 W. Va. 484 (21 S. E. 752). That case also asserts the doctrine that a municipal corporation is not

an insurer against accidents on streets and sidewalks; that every defect therein, though it may cause the injury sued for, is not actionable; that it is sufficient if the streets are in a reasonably safe conditon for travel in ordinary modes, with ordinary care; and that whether they are or not is a practical question to be determined in each case by its particular circumstances. *Wilson* v. *City of Wheeling*, 19 W. Va. 323; *Phillips* v. *County Court*, 31 W. Va. 477 (7 S. E. 427); 2 Dill Mun. Corp. § 1006; Elliott, Roads & S. 448; *Turner* v. *City of Newburgh* (N. Y. App.) 16 N. E. 344; *Hubbard* v. *City of Concord*, 69 Am. Dec. 520—will support these views.

In our country, with its variable climate, repeated and heavy falls of rain and snow, and muddy soil and small population, it is not practicable to have our roads in a high state of repair. We can not have what, in other states and countries, are known as "good roads." Judge Dillon (Mun. Corp. 1003) appropriately states it as law that, in determining whether a road is in such condition as the law contemplates, we must regard "the nature of the country, the character of the highways, and the care usually exercised in reference to such highways." In the leading case of *Hubbard* v. *City of Concord*, 35 N. H. 52, it is held that whether the highway is or is not in suitable repair for the travel passing thereon is a question for the jury, under the particular circumstance of each case, "among which are the nature of the route, the character of the ground, the kind and amount of travel, and the ability and means of the town to improve it in the particular involved in the inquiry." Now, considering how bad our roads inevitably become in winter, in what condition they are generally over the state, that such waterways for the escape of water are universally found in all our roads, and are necessary, and are hard to keep in good condition, is it a proper application of our statute to impose on this town heavy damages for an accident occuring because of the fact that, at a certain place in the waterway, a hole called a "chuck hole," found everywhere in our roads, had worn so that there the gutter had come to be of the depth of eighteen inches, and of a width of two and a half feet?

Is this a defect to call for a recovery? This chuck hole was in a way twenty-seven feet wide, leaving ample room to avoid it, and was plainly discernible, and was well known to the plaintiff. Upon our bad roads the greater care is required of those who use them. In *Turner* v. *City of Newburgh, supra,* the New York court said: "While a traveler may rightfully assume that streets are reasonably safe, he must show his own freedom from fault; and, if he knows there is any danger, he must not rush recklessly into it, even if the city has been in fault." So, on the plaintiff's evidence, we think the defect not such as to render the town liable, and also that the plaintiff could have avoided it. He had long known the road and this waterway. No doubt, he thought the ice would bear his wagon up, and he did not use that caution which, but for the ice, he would have used. If the ice had not been there, the accident likely would not have happened; but nature formed the ice and the town is not responsible for that. It called for greater care from the plaintiff. The plaintiff sat on a high seat, one from which a light jolt might throw him. This called for more care in crossing the gutterway.

The defendant gave evidence tending to show that the plaintiff went over this gutter at a very rapid gait, and thus caused the accident. This looks probable, because, knowing the road well, it would seem that if he had gone over this gutter cautiously, though the road was bad, there would not have been jolt enough to throw the plaintiff from his seat. He would have eased the wagon into the gutter, and have been careful to hold his seat. But if we suppose that he thought the ice would not break, as his own statement seems to show he did think, and he took no care to restrain his horses, which all the evidence shows were spirited on that cold morning, we can see why he was thrown from the spring seat, from the sudden jolt.

This hypothesis of the case is justified not merely by the evidence of the defense, but from features inherent in the case just adverted to. There are many "bad places" in our roads. At them the traveler must be cautious and watchful. These bad places alone will not make the town liable. There must be fair care in the traveler who sees

or knows them. *Phillips* v. *County Court*, 31 W. Va. 477 (7 S. E. 427) asserts this. There a traveler drove over a visible landslide, covering all the width of the road but two feet, leaving no other passageway (there was in our case) and was denied compensation because of his negligence.

Judgment reversed; verdict set aside; and new trial granted.