# CHARLESTON.

WAGGENER *v.* TOWN OF POINT PLEASANT.

Submitted September 12, 1896—Decided December 12, 1896.

1. PLEADING—DECLARATION—DEMURRER.

A declaration which fails to state a sufficient cause of action against a municipality is demurrable.

2. DEFECTIVE SIDEWALK—LIABILITY OF CITY.

The averment that a person, while passing over a public brick sidewalk in bad repair, rough, uneven, sideling, and slippery, caught his foot against a projecting brick, and fell down, injuring himself, does not state a sufficient cause of action, as such accidents are liable to occur with the old and feeble, careless and indifferent, at almost any place or time.

3. MUNICIPAL CORPORATIONS—STREETS AND SIDEWALKS.

Municipalities are simply required to keep streets and sidewalks in a reasonably safe condition for persons traveling in the usual modes, by day and night, and exercising ordinary care.

W. R. GUNN, C. E. HOGG, H. R. HOWARD and L. C. SOMERVILLE for plaintiff in error, cited 16 W. Va. 307; 35 W. Va. 682; 34 W. Va. 457; 31 W. Va. 385; Hogg's Pl. & Fr. p. 384.

GEO. POFFENBARGER for defendant in error, cited 31 W. Va. 385, Syl. pt. 2; 34 W. Va. 457, Syl. pt. 1; 35 W. Va. 406, 410; 8 Gratt. 632; 29 W. Va. 407; Code, c. 43, s. 31; 32 W. Va. 6, Syl. pt. 2; 16 W. Va. 307; Bart. L. Pr. 300.

DENT, JUDGE:

C. B. Waggener filed his declaration against the town of Point Pleasant in the Circuit Court of Mason county. The defendant demurred thereto. The court sustained the demurrer, and the plaintiff, not wishing to amend, dismissed the suit. The declaration contains four long counts, but, as they are virtually and substantially the same, it is not

deemed necessary to incumber the record with more than one of them. The first count is as follows, to wit: "State of West Virginia, County of Mason. In the Circuit Court thereof. C. B. Waggener complains of the town of Point Pleasant, a municipal corporation, which has been duly summoned &c., of a plea of trespass on the case, for this: that whereas, before and at the time of the committing of the wrongs, grievances, and injuries hereinafter mentioned, to wit, on the ———— day of March, 1895, there was a common and public sidewalk on the east side of Water street, which is also known as 'Front Street,' between First and Second streets, in the town of Point Pleasant, Mason county, West Virginia, and within the corporate limits of said town in said county, and which the defendant kept open and treated as a public sidewalk, over, on, and upon which said sidewalk all the citizens of this state, and all others, had the right to travel, pass, and repass, without hindrance or obstruction; and it was the duty of said defendant to put and keep said sidewalk in good repair; yet the said defendant, well knowing the premises, heretofore, to wit, on the day and year aforesaid, and for a long time previous thereto, at the town and county aforesaid, wrongfully and injuriously allowed and permitted said sidewalk to become and remain in bad condition, order, and repair, within the corporate limits of said town, in this: that the said defendant permitted a great number of the bricks of which said sidewalk was built to be torn up and carried away, and that other of said bricks were in the ground, with their tops projecting upward above the surrounding surface, and there was also a number of loose bricks partially imbedded in the ground, all of which made a very rough, uneven, and dangerous surface on said sidewalk, and allowed said sidewalk to be and remain uneven, sideling, muddy, rocky, and slippery at or near the southeastern corner of the Virginia House, and near the junction of said sidewalk with a common or public sidewalk on the north side of First street, and within the town and county aforesaid, and within the corporate limits aforesaid; and by means whereof, afterwards, to wit, on the day and year aforesaid, at the town and county aforesaid, and within the cor-

porate limits aforesaid, the said plaintiff, C. B. Waggener, then lawfully going, traveling, and passing over, on, and upon said sidewalk first above mentioned, and on the rough, uneven, and dangerous surface aforesaid, caught one of his feet under the points of a projecting brick, whereby the said plaintiff C. B. Waggener, was then and there violently thrown upon said sidewalk first above mentioned, and sustained a severe shock, and had his right breast and side severely bruised and injured, and sustained severe internal injuries, and was lame, injured, sick, sore, and disabled for a long space of time, to wit, hitherto, and suffered great physical pain and mental anguish, and lost much time, to wit, hitherto, and incurred much expense in and about his endeavors to be cured of the said injuries; wherefore, and by means of the premises and wrongs, grievances, and injuries hereinbefore mentioned, the said plaintiff hath sustained damages to the amount of $500."

The ground of demurrer urged by counsel in their argument is that the declaration does not sufficiently allege "that the street or sidewalk upon which the injury occurred was, at the time and place where the injury was sustained, controlled and treated by the town authorities as a public street or sidewalk, and opened as such," as held in the case of *Chapman* v. *Milton*, 31 W. Va. 385 (7 S. E. 22) and approved in *Childrey* v. *City of Huntington*, 34 W. Va. 457 (12 S. E. 536); *Phillipps* v. *City of Huntington*, 35 W. Va. 406 (14 S. E. 17). The declaration alleges that the place where, at the time when, the accident occurred, "was a common and public sidewalk on the east side of Water street, which is also known as 'Front Street,' between First street and Second street, in the town of Point Pleasant, Mason county, West Virginia, and within the corporate limits of said town, in said county, and which the defendant kept open and treated as a public sidewalk, over and upon which said sidewalk all the citizens of this state, and all others, had the right to travel, pass, and repass, without hindrance or obstruction, and it was the duty of said defendant to put and keep said sidewalk in good repair." This allegation, while *prolix*, appears to be a compliance with the very letter of the law. The argument is that the

pleader failed to use the words "authorities of the town," and "controlled." The word "defendant" represents and includes all the authorities of the town, and when it is alleged that "the defendant kept open and treated as a public sidewalk," "and it was the duty of said defendant to put and keep said sidewalk in good repair," it is a full equivalent to alleging that "the sidewalk was controlled and treated by the authorities of the said town as a common and public sidewalk, and opened as such." The town acts through its agents, and the acts of the agents are the acts of the town.

There is a much more serious objection to this declaration than the one urged and relied on. May not every averment of the declaration be admitted to be true, and yet the town not be liable for damages? In other words, does the declaration state a sufficient cause of action against the town? It was early held by this Court that "a municipal corporation is not an insurer against accidents upon the streets and sidewalks. Nor is every defect therein, though it cause the injury sued for, actionable. It is sufficient if the streets (which include sidewalks and bridges thereon) are in a reasonably safe condition for travel in the ordinary modes, by night as well as by day; and whether they are so or not is a practical question, to be determined in each case by its particular circumstances." *Wilson* v. *City of Wheeling* 19 W. Va. 323, 324. This law was approved in the late case of *Yeager* v. *City of Bluefield*, 40 W. Va. 484 (21 S. E. 752); and it was further held that, "While the liability of municipal corporations is in its nature absolute, that does not refer to the cause of action. That must exist before the liability arises." JUDGE BRANNON, in his opinion, commenting on this subject, says: "But this idea of absoluteness does not refer at all to the cause of liability, but only to the liability when it exists. It does not mean that the state of the street must be perfect. Before imposing this absolute liability, we must first determine whether the street is out of repair, in the sense of the statute. When is it so out of repair? Is it to be absolutely free from stones, mud, or inequalities, like the floor of your own home, or like the paths, walks, and drives in the grounds of

a royal palace or beautiful park? Where shall we find this perfection?" Not in Point Pleasant. "Is it to furnish absolute immunity from accident and injury? What city or town in the country might not be bankrupted if this be the construction of the statute? There is no city, however well ordered, complying with this standard. * * * About all that can be said by way of general rule is that cities, towns, and villages are simply required to keep streets and sidewalks in a reasonably safe condition for persons traveling in the usual modes by day and night and exercising ordinary care." "The law does not require streets or sidewalks so constructed as to secure absolute immunity from danger in using them, nor is it bound to employ the utmost care and exertion to that end. 2 Dill. Mun. Corp. 1006. Were it otherwise, what would be the burden cast on taxpayers in this state, where heavy rains and snows constantly fall, freezes and thaws frequently come, which, with other causes, work great and constant injury to streets."

The averments of the present declaration are that the defendant "allowed and permitted said sidewalk to become and remain in bad condition, order, and repair," "in this: That" it "permitted a great number of the bricks of which said sidewalk was built to be torn up and carried away, and that other of said bricks were in the ground, with their tops projecting upward above the surrounding surface, and there was also a number of loose bricks partially imbedded in the ground, all of which made a very rough, uneven, and dangerous surface on said sidewalk, and allowed said sidewalk to be and remain uneven, sideling, muddy, rocky, and slippery, * * * by means whereof * * * the said plaintiff then, lawfully going, traveling, and passing over said sidewalk first above mentioned, and on the rough, uneven, and dangerous surface aforesaid, caught one of his feet under the points of a projecting brick, whereby," etc. A sidewalk may be rough, uneven, sideling, muddy, rocky, and slippery, and what might be designated as "very dangerous" in the hilly towns of West Virginia, without imposing any liability on the town. Nay, sometimes the smoother they are, the more dangerous they are

to pedestrians. A sidewalk on a steep incline can not be made even and smooth without making it very slippery and highly dangerous. So, to make it ordinarily safe, it must be made rough, uneven, and rocky. Every averment of the declaration may be true, and yet the sidewalk, under the circumstances narrated, may have been in a reasonably safe condition for those exercising ordinary care. The real cause of the action, substantially the same in each count, is averred to be that the plaintiff caught one of his feet under the points of a projecting brick, and was thrown to the ground. It is not alleged as to how much the brick projected, or that he was exercising ordinary care. Such an accident might occur on almost any pavement in any municipality where bricks are used for paving purposes, for there is always more or less projection, owing to wear from travel, defects in material, and the effects of time and the elements. And sometimes they are purposely laid unevenly, to keep the surface from being too slippery, dangerous, and impassable. Oftentimes the middle of a rough and rocky street furnishes a much safer place of locomotion than the smooth, even sidewalk adjacent thereto; and it is just as absurd to hold a town liable for every accident that occurs on a rough and uneven sidewalk as it would be to hold it liable for accidents on sidewalks that are too smooth and even. To hold it liable for both would be preposterous. It is true that it has been held that contributory negligence, being a defense, need not be negatived in a declaration. *Berns* v. *Coal Co.*, 27 W. Va. 285; *Dimmey* v. *Railroad Co.*, *Id.* 32; *Sheff* v. *City of Huntington*, 16 W. Va. 307. Nevertheless, the declaration must affirmatively show that the accident complained of renders the municipality liable for damages. Where the declaration shows that the defect complained of is the cause of the accident, and is such a gross defect as fixes a liability on the city, as in the case of *Sheff* v. *City of Huntington*, such averments are sufficient; but, as in this case the accident is such as is liable to happen on almost any pavement in the municipalities of this state, such averments must be used as fix a clear liability on the municipality.

Plaintiff's counsel say in their brief: "The declara-

tion as amended conforms exactly to *Bowen* v. *City of Huntington*, 35 W. Va. 682 (14 S. E. 217) which declaration is copied *verbatim* in Hogg, Pl. & Forms, p. 384;" thus apparently attempting to shift any defect in the declaration to the shoulders of the able author of the work referred to, for the purpose of escaping personal responsibility. But an examination and comparison show a material and essential difference between the form and the *verbatim* copy now under consideration. In the former the defect complained of is an excavation two feet deep in the sidewalk, and the accident is set out in these words: "The said plaintiff then lawfully, and in the exercise of due care, walking over and along the said sidewalk, suddenly, and without warning or notice of any kind that the said sidewalk was so out of repair, it being then and there dark." The form may be fuller than is required, but it is certainly sufficient. The purported copy does not show whether the plaintiff was walking or running or exercising any care, or whether it was night or day, or that the defect, the proximate cause of the accident, was of sufficient importance to fix a liability on the defendant. On the contrary, the declaration, as a whole, amounts to a mere averment that the plaintiff, while passing over an incomplete, rough, uneven, sideling, and slippery sidewalk, caught his foot against a projecting or loose brick, and fell, and hurt himself. Such accidents are liable to occur any place with old and feeble, careless and indifferent, persons, and are not such as a municipality may be held responsible for, even though the sidewalk be in an imperfect condition. The declaration is insufficient, and the demurrer was properly sustained.

The judgment is therefore affirmed.