# CHARLESTON

## Hysell v. Central City.

Submitted March 17, 1908.    Decided March 24, 1908.

1. Municipal Corporations—*Defective Streets—Action—Declaration.*
   In an action against the city for death from driving over a defective street, a declaration charging "that the said defendant negligently allowed and permitted the said public street to become and remain in bad order and out of repair, in this, towit, that the said defendant negligently allowed and permitted a certain hole, excavation or washout, a steep descent and fall of nearly two feet in depth, in width about one foot, and length about four feet, in the said street," sufficiently charges negligence, and is good upon demurrer. (p. 135.)

2. Same—*Duties of City.*
   Where the duty to keep its streets in repair is imposed upon a municipality by its charter or by general statute, of which the court is bound to take judicial notice, no averment in the declaration as to such obligation is necessary. (p. 136.)

Error to Circuit Court, Cabell County.

Action by Martha L. Hysell against the city of Central City. Judgment for defendant, and plaintiff brings error.

*Reversed.   Remanded.*

Isbell & Perry, for plaintiff in error.

C. S. Welch and Simms, Enslow, Fitzpatrick & Baker, for defendant in error.

MILLER, JUDGE:

This is an action on the case, by Martha L. Hysell, administratrix, for the death of her husband, the alleged result of negligence of the defendant in allowing one of its public streets to become and remain out of repair. The declaration charges the act of negligence as follows: "That the said defendant negligently allowed and permitted a certain hole, excavation or washout, a steep descent and fall of nearly two feet in depth, in width about one foot, and length about four feet, in the said street, whereby and by means whereof, afterwards, to-wit, on the day and year last aforesaid, at the said city and county, the said plaintiff's intestate, then lawfully and in the exercise of due care, driving along, upon and over the said street, suddenly and without any warning or notice of any kind that the said street was so out of repair as aforesaid, it being then and there dark, drove upon the said descent and fall, and the wheels of the vehicle in which plaintiff's intestate was sitting fell in and struck against the sides and embankment of said hole and descent, suddenly stopping and jolting said vehicle, throwing plaintiff's intestate out and from said vehicle violently to the street and ground, by means whereof the said plaintiff's intestate was so greatly crushed, bruised, torn and injured that he then and there died." The demurrer to this declaration was sustained; and the only question presented here for review is whether the judgment on the demurrer was correct.

Section 53, chapter 43, Code, gives absolute right of action to "any person who sustains an injury to his person or property *** by reason of a public road, bridge, street, sidewalk or alley in an incorporated city, village or town being out of repair," provided it is required by its charter to keep the same in repair at the place of the injury, if not so required, the action will be against the county court. *Chapman* v. *Milton*, 31 W. Va. 384; *Biggs* v. *Huntington*, 32 W. Va. 55; *Gibson* v. *Huntington*, 38 W. Va. 177. This absolute right has been limited to cases where the liability actually exists; it must be first determined whether the street is out of repair in the sense of the statute. *Yeager* v. *Bluefield*, 40 W. Va. 484; *Van Pelt* v. *Clarksburg*, 42 W. Va. 218.

The question then recurs: Does the declaration here state a cause of action? In form it is that given in Hogg Pl. & Forms 384. For its sufficiency he cites *Bowen* v. *Huntington*, 35 W. Va. 682. The demurrer to the declaration in that case was overruled in the court below; but its sufficiency was not challenged in or directly passed upon by this Court. The act of negligence here is alleged substantially in the language of this form, and of the declaration in *Sheff* v. *Huntington*, 16 W. Va. 310, and *Waggener* v. *Pt. Pleasant* 42 W. Va. 798, the declaration in both which was held good. It is argued, however, on behalf of the defendant, from the decisions in *Yeager* v. *Bluefield*, *Waggener* v. *Pt. Pleasant* and *Van Pelt* v. *Clarksburg, supra*, that a municipality is not an insurer from accident; that it need only keep its streets in reasonably safe condition for travel in the ordinary modes by persons using due care. These authorities do hold this doctrine; but it will be found by examining them that they also hold, not as a question of pleading but on the evidence, that whether the streets are in such reasonably safe condition is a practical question to be determined in each case by its particular circumstances. In *Campbell* v. *Elkins*, 58 W. Va. 308, 315, Judge Poffenbarger says: " But our decisions have adopted the principle enunciated in their prototype, *Merritt* v. *Hampden*, 26 Me. 234, holding that 'if there be a defect in the road, however small, which occasions an injury, the party injured using common and ordinary care, the town is liable;' " citing *Sheff* v. *Huntington, supra*. He further says in the same connection: " Hence, in determining whether an imperfection in a highway which occasions an injury when the traveler is not in any way at fault, and has had no means of knowledge of it, is an actionable defect, the court can not base a negative answer on want of evidence of negligence. The town's duty is absolute, and, to prevent liability, it must appear that it has provided a reasonably safe sidewalk, street or road, as the case may be." The questions presented on demurrer we think will more properly arise on the trial. Without doubt, the act of negligence is sufficiently alleged in the declaration.

We should probably not overlook a point not presented or argued by counsel here; that is, whether the declaration

should aver the duty of the defendant to keep its streets in repair at the time and place of the accident. The form given by Mr. Hogg contains no such averment; but the declaration in *Sheff* v. *Huntington* and *Waggener* v. *Point Pleasant, supra,* does. As we have seen the statute, section 53, chapter 43, Code, does not make a municipality liable unless required by its charter to keep its streets in repair. The charter of the defendant, acts 1905, chapter 4, section 39, contains substantially the provisions of section 28, chapter 47, Code, relating to cities, towns and villages, the former giving the council plenary powers with respect to the opening and paving of streets and keeping them in repair, and other sections of its charter give power and authority to levy and collect taxes therefor; and where such power is conferred, as a general rule, a corresponding duty is imposed by implication of law. Hence we may say that the charter and laws governing the defendant require it, within the meaning of section 53, chapter 43, Code, to keep its streets in repair. But should this duty be averred? The usual rule we think is to do so. Such practice is at least approved in other jurisdictions. 20 Enc. Pl, & Pr. 954-5 and notes. But we take judicial notice of the charter of the defendant, a public statute, and of the general law referred to; and we have concluded that, under our statute, which imposes the duty upon a municipality to keep its public streets in repair, averment of that duty is not essential, although it is good form and practice. In *Read* v. *Chelmsford,* 16 Pick. (Mass.) 128, and *Thompson* v. *Corpus Christi,* 38 S. W. 373, it was held that where the obligation is imposed by general statute, of which the court is bound to take judicial notice, no averment is necessary as to the obligation of the town to keep its highways in repair. To the same effect is *Fuller* v. *Jackson,* 92 Mich. 197, overruling a prior case.

We are of opinion therefore that the judgment sustaining the demurrer is erroneous. We will enter here the judgment the circuit court should have entered, overruling the demurrer and requiring the defendant to plead.

BRANNON, JUDGE:

It comes under the old rule of pleading, that is, that matter of *law* need not be pleaded.

*Reversed. Remanded.*