# CHARLESTON

CORBIN v. CITY OF HUNTINGTON.

Submitted June 9, 1914.    Decided June 16, 1914.

1. MUNICIPAL CORPORATIONS—*Obstruction of Sidewalk—Curb Box.*
   A curb box in a city sidewalk is not essentially an actionable obstruction. It may, however, become such, by reason of its situation therein; and of this the jury, in a proper case, may determine from the evidence, subject to review for error therein.   (p. 481).

2. SAME—*Obstruction of Sidewalk—Injury to Pedestrian.*
   While a pedestrian may properly assume a city pavement is reasonably safe for public use, he is bound nevertheless to exercise

ordinary care for his own personal safety while thereon. A failure to do so, when he knew or by the exercise of ordinary care could have known of a defect therein, precludes recovery from the municipality. (p. 482).

3. SAME—*Obstruction of Sidewalk—Contributory Negligence—Question for Jury.*

Whether he exercised such care, or knew or by the exercise of ordinary diligence could have known of such defect, are questions of fact for jury determination, subject to review for error therein. (p. 483).

4. HUSBAND AND WIFE—*Injury to Married Woman—Right to Recover Damages.*

A married woman, not engaged in business on her own account, can not, in an action for personal injuries, recover damages for the impairment of her earning capacity resulting therefrom. Nor can she, in such action, recover for loss of time or for money expended in effecting a cure, unless she avers and proves employment of her time or a material part thereof in such business, or that she has paid or is legally bound to pay the same out of her separate estate. (p. 483).

(ROBINSON, JUDGE, concurs only in the result.)

Error to Circuit Court, Cabell County.

Action by Lottie M. Corbin against the City of Huntington for personal injuries. Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*Wilson & Livezey,* for plaintiff in error.

*Neal & Strickling,* for defendant in error.

LYNCH, JUDGE:

For an injury resulting from a fall on the pavement of one of the principal streets of the city of Huntington, Lottie M. Corbin, a married woman, brought this action. She fell while in the act of passing from the sidewalk on the north side of Fifth avenue onto the public crossing on Ninth street. Near that point were located a water fountain, a fire plug, a water box, and a steel plate. It is not claimed the presence of the fountain or plate in any degree contributed to plaintiff's injury; nor, except incidentally, that the fire plug contributed thereto. Whether, by obstructing plaintiff's view,

the fire plug, about three feet in height, prevented her seeing the water box when she approached the crossing while on Ninth street, is the only question relating to the fire plug, and on that question the evidence is conflicting.

From the record, we are unable to fix definitely the location of the different structures mentioned, except that the fountain was at the corner of the avenue and street, the fire plug about seven feet from the fountain and two from the curb, and the water box and plate were near the fire plug and between it and the fountain. The water box was without any covering.. Around it the brick pavement had sunken, leaving, as estimated by witnesses, from one to four inches of the box exposed. As the sidewalk at the junction of the two streets was about sixteen feet wide, it is evident the fire plug, curb box and plate were located within the limits of the walkways on the two streets.

Plaintiff admits she knew the fire plug was in the sidewalk, and that she could have seen the curb box if she had been looking for it. The injury occurred between five and six o'clock in May, 1911. She was then on her way home, in company with her husband, between whom and the curb she was walking, being about the same distance from the curb as the fire plug. As she thus approached the crossing, the fire plug was of course directly between her and the curb box. She could have turned onto the crossing before reaching the fire plug; and, if she had, the injury could not have occurred, because thereby she would have avoided contact with the water box. But she did not attempt to leave the sidewalk until after she had passed the plug, when she immediately turned to the right, stepping directly on the open box, which, in some manner not definitely explained, caused her to fall. At first she said she stepped *into* it, but, later, *on* it. In the sense that her entire foot went into the opening, her first statement evidently was erroneous, the box being only three to four inches in diameter.

The important questions are whether the pavement was at the time in such defective condition as to warrant recovery against the municipality, and, if so, whether plaintiff's negligence so far contributed to the injury as to preclude her right to maintain the action. Neither proposition is free from

doubt, in view of our decisions; and, in such cases, they are usually questions of fact for the jury. Of course, where the existence of a particular obstruction in a sidewalk definitely and conclusively appears from the proof, it is a question for the court to determine whether, notwithstanding the obstruction, the sidewalk is in a reasonably safe condition for public use. For not every obstruction renders a public walk-way unsafe; and, if it does, plaintiff may, by negligence, preclude recovery against the municipality, though it negligently permitted the street to become and remain obstructed. *Van Pelt* v. *Clarksburg,* 42 W. Va. 218; *Waggener* v. *Pt. Pleasant,* 42 W. Va. 798; *Parrish* v. *Huntington,* 57 W. Va. 289.

While it is true §56a XLIX, ch. 43, Code 1913, imposes liability upon a municipality for injuries occurring from defective highways therein; yet, when properly construed, the statute requires only that the highways be kept and maintained in a reasonably safe condition for travel with ordinary care and in the ordinary mode by night and day; and whether it has adequately performed this obligation becomes a question to be determined from the facts of each particular case. *Yeager* v. *Bluefield,* 40 W. Va. 484. For it can not be assumed that, because plaintiff, in some manner which she does not pretend to explain further than to say when she stepped on the curb box her foot turned and she fell, the sidewalk, sixteen feet wide, and not obstructed except as noted, was not in a reasonably safe condition, when it is manifest it had theretofore remained in the same condition for many years without injury, so far as we are advised, to any of the hundreds who daily passed and repassed along the same thoroughfare. Indeed, plaintiff admits daily use by herself of the same part of the highway, without other accident to her occurring from the defect of which she now complains, and that she never even saw it before the date of the injury. It is somewhat singular that the defect had theretofore escaped her observation, when the evidence makes it manifest that, except when standing behind the fire plug, any one exercising ordinary care could have seen the exposed top of the box when within twenty feet or more of its location. Besides, plaintiff did not undertake to show at what distance the defect could have been seen, or whether

it was so hidden that it could not be observed. She even eva-
sively refrained from denying previous knowledge of the
existence of the curb box.

In support of her right to recover, plaintiff cites *Parrish*
v. *Huntington, supra.* But there the plaintiff was a mere
child, not chargeable with that degree of care required of
persons of mature years nor with negligence precluding re-
covery. The defects were curb boxes, it is true. But they
were constructed so as to be essentially dangerous to persons
in the ordinary use of the street. While in the sidewalk near
its outer edge, they stood above its general surface, and only
a few inches apart, the covering of each projecting over the
box, leaving space to catch and hold the foot of a pedestrian,
and thus cause him to fall with resultant and perhaps serious
injury.

Whether a curb box or similar obstruction in a pavement
renders a municipality liable for injuries caused thereby,
there is a diversity of opinion among the authorities. By
some, it is held the defect is not actionable. *Waggener* v.
*Pt. Pleasant,* 42 W. Va. 798; *Richmond* v. *Schonberger,* 111
Va. 168; *Power* v. *Mechanicville,* 125 N. Y. S. 801; *Raymond* v.
*Lowell,* 60 Mass. 524; *Northrup* v. *Pontiac,* 159 Mich. 250.
In other cases, it is held the question is properly left to the
jury. *Loan* v. *Boston,* 106 Mass. 450; *Redford* v. *Woburn,*
176 Mass. 520; *Richmond* v. *Pemberton,* 108 Va. 220; *Rich-
mond* v. *Gentry,* 111 Va. 160; *Denver* v. *Stein,* 25 Col. 125.

Since for the error later noted the judgment must be re-
versed and the case remanded, we deem it unnecessary to say
whether plaintiff was guilty of contributory negligence. The
views expressed sufficiently indicate the opinion entertained
upon the doubtful character of the alleged defect. For, so
far as the record discloses, we are unable to say it is an
actionable defect. Upon a new trial, the evidence may show
otherwise.

But upon the trial plaintiff was permitted to prove inca-
pacity on her part, because of the injury, to assist her hus-
band in the conduct of his business, as she had done prior
thereto. Such proof was incompetent and improper, for two
reasons. No averment in the declaration warranted it. And,
even under such averment, being a married woman living

with her husband and engaged in no business on her own account, plaintiff could not recover for such services. Nor, according to *Warth* v. *County Court,* 71 W. Va. 184, could she recover for loss of time or for money expended in effecting a cure of the injuries received by her, except upon the averments thereby deemed requisite.

Seeing no other prejudicial error in the rulings of the court, for the error noted we reverse the judgment, set aside the verdict, and remand the case for a new trial.

*Reversed and Remanded.*