C. E. STEELE *v.* COUNTY COURT OF UPSHUR COUNTY

(No. 7754)

Submitted November 2, 1933. Decided December 5, 1933.

*W. T. George* and *Myron B. Hymes,* for plaintiff in error.
*A. J. Dailey* and *H. Roy Waugh,* for defendant in error.

KENNA, JUDGE:

C. E. Steele brought an action of trespass on the case against the county court of Upshur County in the circuit court of that county, and, from a verdict and judgment in favor of the defendant, prosecutes this writ of error.

The declaration alleges that the defendant had for a long time and still did maintain what is commonly called a foot-bridge or swinging bridge across the Middle Fork River in Washington District, between Kedron and Queens; that the county court permitted the said bridge to become out of repair and permitted the timbers, and especially the floor, to rot and become so out of repair that on the day that the plaintiff was injured, it was dangerous for persons to travel over the said bridge in the manner that the public had been traveling over it for a number of years before the accident; that in spite of notice, the defendant failed to repair the bridge; and that as a result of the wrongful act of the defendant in this behalf, while plaintiff was lawfully walking over and across said bridge on the 31st day of August, 1931, certain timbers in the floor of the bridge slipped from their places causing plaintiff to fall to the river bed below with resultant injuries, to his damage in the sum of $25,000.00.

The accident took place in the night time and there is a good deal of conflicting proof in the record.

The main points assigned by the plaintiff in error (plaintiff below) are (1) that the court gave instructions at the instance of the defendant stating that among other things that the plaintiff must prove, by a preponderance of the evidence, was his own reasonable care, thus requiring him to negative both in allegation and proof the existence of contributory negligence; and (2) the failure of the trial court to set aside the verdict and grant plaintiff a new trial upon his showing of after-discovered evidence. Plaintiff attempted to show at the trial that one of the boards in the floor of the bridge when he stepped on it had tilted up in a manner that permitted him to go through the hole in the floor, caused by the tilting of the board. Defendant countered by attempting to show that certain guard rails at the ends of the board which was supposed to have been lifted in the tilting, would

have prevented the end of the board from rising and would thus have rendered plaintiff's theory of recovery impossible. The jury had a view of the bridge. After verdict, plaintiff offered affidavits of certain witnesses to the effect that on the day of the accident, the guard rail in question was not in a horizontal position, but was swinging down fastened from one end in a vertical position so that it could not have acted to prevent the tilting of the board as defendant asserted.

The other assignments of error have to do mainly with instructions and relate in the main to the question of negligence and contributory negligence, both of which will be discussed, we believe, fully enough to dispose of the instructions, in what we shall have to say upon the one proposition of the court having instructed the jury that it was the plaintiff's duty to show by a preponderance of the evidence that he was injured while in the exercise of due care on his part.

Defendant's instruction No. 1 perhaps best illustrates the point complained of by plaintiff in error in the giving of instructons by the trial court. It is as follows:

"The Court instructs the jury that the County Court of Upshur County is not an insurer against accidents upon its roads or bridges; that every defect therein, though it may cause the injury sued for, is not actionable; and that the County Court has discharged its full duty when its roads and bridges are in a reasonably safe condition for travel in the ordinary modes with ordinary care. And the Court, therefore, instructs you that before the plaintiff can recover damages in this case, it must appear from a preponderance of the evidence, 1. That the bridge in question was out of repair, that is to say, was unsafe for reasonable use in the ordinary modes, at the time and place of the accident of which plaintiff complains; 2. That the plaintiff was, at the time and place of the accident complained of, exercising ordinary care for his own protection and safety; and 3. That the plaintiff sustained an injury resulting directly from the said bridge being out of repair, as aforesaid. And unless you believe from the evidence that each and all of these facts have been established by plaintiff and by a preponderance of the evidence, then your verdict must be for the defendant."

It will be readily seen that the foregoing instruction would require the plaintiff to show by a preponderance of the evidence that he was not guilty of contributory negligence. Neither *Van Pelt* v. *Clarksburg*, 42 W. Va. 218, 24 S. E. 878, nor *Waggener* v. *Point Pleasant*, 42 W. Va. 798, 26 S. E. 352, relied upon by defendant below, sustains this proposition. Those cases are authority for holding that under the statute, municipalities are required to keep their streets and roads in reasonably safe condition for travel in the ordinary mode, with ordinary care. This is not, however, to say that the burden is upon the plaintiff to prove that he was exercising ordinary care by a preponderance of the evidence. It might be said that it is the duty of the plaintiff to show that he was using the bridge in a lawful manner, or, in other words, was using it for travel in the ordinary mode, but that fact would doubtless be presumed unless and until the contrary appeared by at least some evidence. Here the proof shows without question that the plaintiff was walking upon the bridge at the time he suffered his fall. It is shown that he was upon the bridge lawfully and was using it for travel in the ordinary mode. If the defendant was relying upon the contributory negligence of the plaintiff, it was, of course, privileged to rely upon the evidence introduced by the plaintiff, as well as upon the evidence introduced by itself, to show that fact. It must, however, appear by a preponderance of the evidence and it is not the plaintiff's duty to produce that preponderance but the defendant's. We do not believe that it is necessary to cite authorities upon this proposition. We think that the giving of defendant's instruction No. 1 was plainly erroneous, and that it must have been prejudicial to plaintiff below. The case therefore will be reversed on this assignment of error.

Since the case must be reversed upon an assignment of error reached in logical order before a motion for a new trial was made on after-discovered evidence, and since the new trial is ordered on account of that reversal, it becomes unimportant to discuss or consider the assignments of error relating to the motion for the new trial on after-discovered evidence.

For the reasons stated, the judgment of the circuit court of Upshur County will be reversed, the verdict of the jury set aside, a new trial awarded, and the case remanded.

*Reversed and remanded.*