JUANITA LOWE *v.* NORFOLK & WESTERN RAILWAY COMPANY *et al.*

(No. 8657)

Submitted February 8, 1938. Decided March 1, 1938.

*J. W. Copley* and *S. N. Friedberg,* for plaintiff in error.

*Goodykoontz & Slaven, W. W. Coxe* and *Randolph Bias,* for defendants in error.

MAXWELL, PRESIDENT:

This writ of error brings under appraisement a declaration in trespass on the case for damages for personal injury. The trial court sustained defendants' demurrer.

The plaintiff alleges in her declaration that on the night of August 12, 1936, while sitting as a guest on the front porch of the residence of her hostess, Ethel Keatley, she (plaintiff), in arising from her seat, turned her ankle and in an effort to balance herself, fell from the porch into an open ditch, five feet wide and five feet deep, which had been excavated and left open by the defendants, and that from the fall she received a broken leg and other serious injuries. She further alleges that the Keatley home stood at the edge of the right of way of the defendant railway company; that on the right of way, between the tracks of the company and the Keatley property line, there was an open space which was in use as a roadway for vehicular and pedestrian traffic; that the railway company and the municipality jointly undertook to repair a sewer which extended under the roadway, and that in pursuance of that arrangement the defendants made the excavation a few days before plaintiff received her injury; that the roadway was used as a means of ingress and egress to and from the Keatley home. Further, it is alleged that it was the duty of the defendants to use care and caution to protect the plaintiff and the general public, while in pursuit of their law-

ful activities, from injury by reason of the open ditch, and that because of their breach of that duty, the defendants are liable to the plaintiff in damages for the injuries which she suffered from falling into the ditch.

Travelers on public ways are entitled to damages for injuries received on account of unguarded pits adjoining the road, street or alley. *Baker* v. *City of Wheeling*, 117 W. Va. 362, 185 S. E. 842; *Patton* v. *City of Grafton*, 116 W. Va. 311, 180 S. E. 267; *Strange* v. *Bodcaw Lumber Co.*, 79 Ark. 490, 96 S. W. 152, 116 Am. St. Rep. 92. Plaintiff relies on the principle employed in those cases and similar ones. But the case at bar does not come within that category. The plaintiff, at the time of her injury, was not a traveler on the roadway.

It is alleged that the digging of the ditch was begun six days before the accident. Whether she became a guest in the Keatley home before the work was started or later does not appear, but, in either event, from the allegations of the declaration, she must be deemed to have had knowledge of the existence of the ditch. She does not allege lack of such knowledge. Thus, with information of the situation, she took a seat on the porch which was eighteen inches above the surface of the ground, the edge of the ditch being only six inches from the property line. Of course, she did not foresee that in attempting to arise from her chair she would turn her ankle and fall from the porch into the ditch. Neither could the defendants forsee that such unfortunate eventuality would transpire. They were under no legal duty to anticipate the unusual, nor to guard against consequences which could not reasonably be expected. By seating herself within dangerous proximity of the open ditch, of the presence whereof she was fully aware, she accepted a patent risk and shared with the defendants the responsibility for her accident. A person thus contributing to his own injury may not recover damages, though the defendant be not free from blame. *Hunn* v. *Windsor Hotel Co.*, 119 W. Va. 215, 193 S. E. 57. Even a traveler on a public road or street may not recover damages for personal injuries on account of a defect in the way, where the condition was known to him and he assumed the risk

of proceeding on his journey despite the danger. *Phillips v. Ritchie County Court,* 31 W. Va. 477, 7 S. E. 427.

The defendants' conduct in leaving the ditch open and unguarded may have constituted negligence which, in other circumstances of injury to a person, would have afforded ground of recovery, but, for reasons stated, such is not the situation here presented.

The case thus appearing from the amended declaration, the court did not err in sustaining the demurrer thereto.

*Affirmed.*