JAMES CANN, Judge.
Claimant, at about five o’clock on the morning of the fourth day of June, 1949, while proceeding to his home over Kanawha county secondary route No. 31, known as Martin’s Branch Road, leading to U. S. route 21, drove into a break on the right side of said road, overturned and rolled down a steep embankment, as a result of which he was injured and his automobile demolished, which he alleges was caused by respondent’s negligence in permitting a break on the side of the road to exist unrepaired or to be guarded by suitable railings or barriers.
Claimant testified that on this particular morning, the weather was foggy and misty; that he was proceeding at a rate of about twenty-five to thirty miles per hour when the lights of an automobile coming from the opposite direction blinded him, causing him to drive off the paved portion of the road onto the berm; and after continuing thereon for a short distance he struck the break in the side of the road causing his automobile to roll over the embankment.
*120 The evidence disclosed that the side of the road where this accident occurred had broken away and that the break extended almost to the edge of the blacktop, or paved portion of said road, and further disclosed that this break had existed for some considerable time. The evidence further disclosed that the paved portion of the road, at the point where the break existed, was approximately ten to twelve feet, and Mr. Null, one of the witnesses for the claimant, stated that at that point there was room for two cars to pass. (Record p. 40). All of the witnesses who testified knew of the existance" of the break on the side of the road in question; in fact claimant further stated that he had traveled this road two or three times a week, sometimes every day, and knew that the road at the point of the accident had broken away, (Record p. 28).
Let us consider the testimony of the claimant concerning the occurrence of this accident. He states that while traveling over this particular road on his way home . at about five o’clock in the morning, at a speed between twenty-five to thirty miles per hour in weather which, he states, was “real foggy and misty,” he encountered another car proceeding in the opposite direction. He states he first saw the other car while he was “way back” from where the break existed; that when he was about fifteen feet from where the break existed, blinded by the lights of the other car, he drove off the paved portion of the road onto the berm, which the testimony shows to be six feet in width, to get around the other car or let that car get by. But what did he do? Instead of coming to a stop or slowing down he proceeded on the berm presumably at the same rate of speed he was traveling and drove into the break. (Record p. 27). Claimant knew the break was somewhere near the point where he drove off the road because he stated “I knowed the road was broke away, but didn’t know it was broke away that bad there.” (Record p. 27).
Our Court has held on several occasions that:
“When the State Road Commission by the act of 1933 assumed control and authority over the primary and secondáry roads of the state, the duty was imposed *121 upon it to guard all dangerous places on the public roads and bridges by suitable railings and barriers, so as to render the said roads and bridges reasonably safe for travel thereon by day or by night.” Fry v. Road Commission, 1 Ct. Claims (W. Va.) 48; Upton v. Road Commission, 2 Ct. Claims (W. Va.) 134.
We still adhere to the above proposition of law, provided, of course, that if one suffers injury because of the lack of duty imposed on the state he may not recover if in any way, by his own negligence, he contributes to his own injury.
A traveler on a public road must exercise ordinary care and caution. He cannot shut his eyes against apparent dangers.
The important factor that presents itself prominently in the consideration of this case is that the claimant, compelled, as he states, to drive off the road onto the berm to get around or let the other car by, knew he was somewhere near the break on the side of the road, yet in spite of this and in view of the adverse weather conditions and the fact that he was blinded by the lights of the other car, he continued on his journey, on the berm, without any attempt to stop or slow down despite the knowledge of possible danger. He had ample opportunity to do what any ordinarily prudént person using ordinary care and caution would have done — coming to a stop or proceeding cautiously, and then when the other car had passed to have driven back on the paved portion of the road and continued safely on his journey.
Our Supreme Court has held:
“A plaintiff who contributes proximately to his own injury by assuming risks may not recover damages for injuries, notwithstanding that the defendant is not free from blame.” Love v. Norfolk & W. Ry. Co. et al, 195 S. E. 593.
“Even a traveler on a public road or street may not recover damages for personal injuries on account of a defect in the way, where the condition was known to him and he assumed the risk of proceeding on his *122 journey despite the danger.” Phillips et ux v. Ritchie County Court, 31 W. Va. 477, 7 S. E. 427.
“If a traveler negligently fails to exercise ordinary care and caution for his own safety against defects in a public highway, which he knows or can readily see are dangerous, and has the opportunity to avoid them, he is not entitled to damages, but must bear the burden of his own indiscretion.” Williams v. Main Island Creek Coal Co. 98 S. E. 511.
“. . . defects may be either patent or latent. Where the defect is open and easily discovered the traveler cannot, acting upon the presumption which exists in his favor, run blindly into it. In so doing the Courts hold that he will not be exercising ordinary care.” Boyland v. City of Parkersburg, 90 S. E. 347.
The respondent’s conduct in leaving the break in the side of the road open and unguarded may have constituted negligence which, in other circumstances of injury to person or property, would have afforded grounds for an award, but, for the reason stated and bearing in mind the facts and attendant circumstances, we feel that such is not the situation in the case. We feel that claimant contributed considerably, by his lack of ordinary care and caution, to his injury and loss. Therefore, we deny an award and dismiss the claim.
[Judge Bland did not participate in the consideration of this claim.]