JAMES CANN, Judge.
Claimant alleges that on the evening of the 22nd day of July, 1951, while proceeding in his pick up truck over Patrick Creek road, leading to u. s. 52, in Wayne county, West Virginia, he drove into a break on the right side of the road, overturned and rolled down a bank, resulting in injury to his person and damages to his truck, which he claims was caused by respondent’s negligence in permitting a break on the side of the road to exist unrepaired or to be safeguarded by suitable barriers or signs of warning.
Claimant testified that about six o’clock on the evening this accident occurred, he met a friend, Bill Ferguson, in the city of Wayne, with whom he discussed the possibility of procuring a cow from Ferguson’s brother, who lived on the Patrick Creek road approximately five miles from the junction of u. s. route 52; together they drove to the Ferguson home and after ascertaining that the brother was not at home, claimant proceeded to return alone and approximately one and a quarter miles from the junction of u. s. route 52, as he rounded a curve on said road, he drove into the break complained of. Claimant further testified that when he and his companion drove over the road in question proceeding to the Ferguson home, he had not noticed the break because as he stated, it was on his left and “hardly noticeable”; and that at that time it was still daylight and the weather clear.
When he proceeded to return from whence he came, it was dark or beginning to get dark, necessitating the use of his truck lights, and as he rounded the curve, above stated, his lights were directed to the bank of the left side of the road causing him not to see the break in question on his right, and therefore to drive into it, causing the damages complained of.
After this case was heard the members of the court went to the scene of this accident and after careful investigation ascertained the following facts: Branch Creek road is a secondary dirt road with a rock base and covered at places with small gravel; at most places it is not very wide; proceeding west, to *68 wards the Ferguson home, the break in question is readily and easily seen by anyone operating a motor vehicle, and proceeding east, the curve, which claimant testified to being rather sharp and immediately leading to the break, is not as sharp as the court was led to believe. It is a fairly wide curve, the road at that point being approximately 16 to 18 feet in width and the break is at least fifty feet from its crest, and one rounding said curve in the nighttime would sufficiently be straightened out for the lights of his motor vehicle to be showing straight ahead and make the break visible, if alert and using ordinary care and caution.
This court has held that a duty is imposed upon the state to guard all dangerous places on the public road by suitable railings and barriers so as to render the said roads reasonably safe for travel thereon by day or night, and the failure of such duty may present a moral obligation on the part of the state for which a claim may be awarded. We intend to still adhere to the above ruling, provided of course, that if one suffers injury and damages because of the lack of duty imposed on the state he may not recover if in any way, by his own negligence, or by his lack of due care and caution, he contributed to his own injury. It is elementary that a traveler on a public road must exercise care and caution and not shut his eyes against apparent dangers. We do not attempt to say that the respondent is free from blame for permitting the break to exist without being properly barricaded, for something should have been done to correct the situation which existed and brought about this accident, but we do believe that claimant had ample opportunity to observe the condition of the road and if he had used the ordinary care and caution required of him, he surely would, or should, have seen the break, especially when he travelled the road earlier in the evening when still daylight, and the break being on his left in full view while proceeding to the Ferguson home.
Jess W. Horn, a witness for claimant, testified concerning the break as follows: “But you go up a little rise and on the bend you would notice it, if you were looking, but if you didn’t pay no mind you wouldn’t notice it.” (R. p. 39): “Did you have *69 any trouble getting around the curve?” “Not going up, you wouldn’t, no.” “Did you have any trouble coming back?” “If you aren’t on the ball you would.” (R. p. 41): From this we can see that anyone operating a motor vehicle over the road in question could see the break and avoid driving into it if as Horn says, “If you were looking” and “If you were on the ball.”
Our Supreme Court has held that:
“If a traveler negligently fails to exercise ordinary care and caution for his own safety against defects in a public highway, which he knows or can readily see are dangerous, and has the opportunity to avoid them, he is not entitled to damages, but must bear the burden of his own indiscretion.” Williams v. Main Island Creek Coal Co. 83 W. Va. 464; 98 S. E. 511.
“ * * * Defects may be either patent or latent. Where the defect is open and easily discovered the traveller cannot, acting upon the presumption which exists in his favor, run blindly into it * * Boyland v. City of Parkersburg, 78 W. Va. 749; 90 S. E. 347.
“A plaintiff who contributes proximately to his own injury by assuming risks may not recover damages for injuries, notwithstanding that defendant is not free from blame.” Lowe v. Norfolk & W. Ry. Co. et al, 119 W. Va. 647; 195 S. E. 593.
“When a plaintiff is negligent and his negligence concurs and cooperates with that of defendant, as a proximate cause of the injury complained of, he cannot recover.” Keller v. N. & W. Ry. Co., 109 W. Va. 522.
“Whatever the surroundings, whether urban or rural, if the situation is such that a traveler, in the exercise of reasonable care, should look for impending danger, he must look efficiently and not carelessly or perfunctorily.” Casto v. Charleston Transit Co., 120 W. Va. 676.
The respondent’s conduct in leaving the break in the side of the road open and unguarded may have constituted negligence which, in other circumstances of injury to person or property, *70 would have afforded grounds for an award, but, for the reason stated and bearing in mind the facts and attendant circumstances, we feel that such is not the situation’ in this case. We feel that claimant contributed considerably, by his lack of ordinary care and caution, to his injury and loss. Therefore, we deny an award and dismiss the claim.