# CHARLESTON.

## A. M. HESSER v. GRAFTON.

Submitted January 15, 1890.—Decided March 15, 1890,

1. CONTRIBUTORY NEGLIGENCE—STREETS AND ALLEYS—MUNICIPAL CORPORATIONS,

   In an action against a municipal corporation for injuries caused by an obstruction of a street or sidewalk, when the evidence of the plaintiff proves such facts and circumstances as show that the plaintiff was guilty of contributory negligence in causing the injuries, the court should on the motion of the defendant exclude all the plaintiff's evidence from the jury.

2. CONTRIBUTORY NEGLIGENCE—STREETS AND ALLEYS—MUNICIPAL CORPORATIONS—SIDEWALKS.

   When the evidence of the plaintiff proves, that the plaintiff while passing along the street of a town on a dark night, without a lantern or other light, fell over a rock in the middle of the street and injured herself, when she knew that both the street and sidewalk were out of repair, dangerous and obstructed by dirt, rocks and building material, she will be held to be guilty of contributory negligence, notwithstanding the town-authorities neglected to indicate said obstructions by beacons or danger signals as it was their duty to do.

*M. H. Dent* for plaintiff in error.

*J. H. Holt* for defendant in error.

SNYDER, PRESIDENT.

Writ of error to a judgment of the Circuit Court of Taylor county, pronounced August 3, 1889, in an action brought in said court by Adeline M. Hesser against the town of Grafton to recover damages for injuries alleged to have been sustained by reason of the negligence of the defendant in failing to keep in repair a certain sidewalk and street within its corporate limits. The case was tried by jury on the issue of not guilty and verdict and judgment rendered in favor of the plaintiff for $920.00. The defendant took certain exceptions to the action and judgment of the court, and to review the errors alleged therein it obtained this writ of error.

The first error assigned by the plaintiff in error is, that the Circuit Court erred in overruling its motion to exclude from the jury the evidence of the plaintiff, on the ground that it was insufficient to sustain the issue on her part.  The material evidence of the plaintiff tended to prove the following facts :   The defendant, the town of Grafton, is a municipal corporation, and Latrobe street, on which the plaintiff was injured, was one of the streets of said town which it is its duty under the law to keep in repair.   The plaintiff, a woman fifty five years of age, while passing along the middle of said street about ten o'clock on the night of December 11, 1887, fell over a stone and broke her leg and suffered other injuries.   The night was very dark and raining.   In July preceding the injury a large part of the town of Grafton was destroyed by fire including the buildings on Latrobe street. The original sidewalk on this street was not over four feet wide; it was on the south side, there was none on the north side; and when the buildings were burned away, the sidewalk, which had been made in part of plank and in part of flag stones, was left in a very dilapidated and unsafe condition, and before and at the time of the injury some of the owners of the lots abutting on this sidewalk were putting up new buildings, leaving on the sidewalk piles of sand, brick and other debris, also leaving on the street loose rock and building material whereby at the time and place the injury occurred persons had difficulty in passing along the sidewalk in daytime and generally used the roadway of the street, picking their way among the rocks and other obstructions, in order to pass along that portion of the street.    There were no barriers or railing of any kind along the south side of the sidewalk to prevent persons from falling or walking into the pits and holes left open by the burning of cellar doors of the abutting buildings.   Neither the defendant nor the persons using the street for depositing thereon building material put out beacons or danger signals to notify travellers of the obstructions on the sidewalk and in the street; nor was there any ordinary street lamp so near as to enable travellers to observe and avoid these obstructions.   The plaintiff lived in the eastern part of the town, and was employed as assistant cook at the Grafton House.   She had been so employed

for some time and in going and returning to her home from the Grafton House she passed along this street twice each day for several months prior to the injury. She passed down to the hotel in the morning between six and seven o'clock and usually returned between nine and ten o'clock at night. The plaintiff testified that before the night she was injured her grandson always brought her a lantern which she used every night in going home, but on this night he did not bring her the lantern and she had none when she was injured; that on that morning she passed down Latrobe street and observing that the sidewalk was obstructed and impassable, she on returning that night, went out into the street and attempted to go up the same way she came down in the morning, and while in the middle of the street she fell over a rock and broke her leg. She did not notice this rock in the morning and supposed the street was clear at that place. It was raining and very dark at the time; she could not see the rock —it was too dark—there was no beacon or danger-signal or light of any kind. The foregoing is substantially all the material facts which the plaintiff's evidence tends to prove. Did the Circuit Court err in overruling the defendant's motion to exclude from the jury said evidence?

In *Garrity* v. *Haley*, 29 W. Va. 98, this Court held: "Where negligence is the ground of an action, it rests upon the plaintiff to trace the fault for his injury to the defendant, and for this purpose he must show the circumstances, under which the injury occurred; and if from these circumstances, so proven by the plaintiff, it appears that the fault was mutual, or in other words, that contributory negligence is fairly imputable to him, he has by proving the circumstances disproved his right to recover, and on the plaintiff's evidence alone the jury should find for the defendant." And it was further decided in that case, that where the plaintiff's evidence proves such facts and circumstances as to show that he was guilty of contributory negligence, the court ought on the motion of the defendant to exclude from the jury all the plaintiff's evidence.

It seems to me, that according to these principles which we regard as the settled law of this State, the Circuit Court plainly erred in not sustaining the defendant's motion to ex-

clude from the jury the plaintiff's evidence in this case. The facts clearly show that not only the sidewalk but the street where the plaintiff was injured, was in a dangerous and almost impassable condition, and that this condition resulted in a great measure, if not wholly from a recent conflagration and the necessity for using the street in restoring the buildings which had been destroyed by said conflagration. Under such circumstances the town had the legal right to authorize the owners of the lots abutting on the street to use the street for the purpose of rebuilding houses on their respective lots which use would necessarily to some extent obstruct the street and sidewalk and make travel thereon more or less dangerous. But in order to make such obstruction rightful, it was the duty of the town to require those necessarily obstructing the street to put out beacons and danger signals to protect those lawfully using the street as far as possible from incurring dangers of which they were not aware. *Wilson* v. *Wheeling*, 19 W. Va. 323.

There was no beacon or danger light on this street to warn persons using it of the obstructions, and therefore if injury had been caused thereby to any one using the street without knowledge of its obstructed and dangerous condition the defendant would be liable for such injury. But in respect to the plaintiff here such beacon or danger signal would have given her no knowledge which she did not already possess. She testified that she had passed over the street daily—that she had passed over it the very morning of the night on which she was injured; that she saw and knew its dangerous and almost impassable condition. The law does not require the authorities of a municipality to inform those using its streets of what is apparent to their senses or of which they already possess all the knowledge such information would give them. The knowledge of the plaintiff here excuses the omission of the defendant, or those for whose acts it is responsible, in not placing danger signals or lights along the sidewalk and street. As to the plaintiff the defendant's responsibility is just the same as it would have been if it had put out such signals or lights. While therefore we regard the defendant in some degree negligent in respect to this street and sidewalk, it is still not liable to the plaintiff,

because she was herself guilty of contributory negligence. Her negligence was the proximate cause of the injury and but for her negligence the injury would not have occurred. At least she contributed to the cause of the injury and that is sufficient to defeat her right to recovery. *Phillips* v. *County Court*, 31 W. Va. 477.

It would be difficult to conceive of a case of more reckless conduct than that of the plaintiff in this case. An aged woman, with full knowledge of the obstructed and dangerous condition of this sidewalk and street, attempts to pass over it on a dark and raining night, when it is so dark that she can not see the obstructions or even the rock over which she fell, without even a lantern or light of any kind, notwithstanding she knew such light was necessary and had on all former occasions used a lantern in passing over this street at night. It seems to me that no reasonable person would have attempted to act as she did, and that her conduct in doing so was not only gross but culpable negligence. It is true she says, she did not in the morning see the particular rock over which she fell, and that she supposed the middle of the street was unobstructed, but she knew that the builders were necessarily shifting and moving the material they were putting into the buildings, and therefore had no just reason to presume the position of the materials and the situation of the obstructions would not be changed during the day; and moreover it was her duty to know that the middle of the street was not the place for foot travelers to pass over. Upon the facts shown by her own evidence, I am clearly of opinion that the plaintiff was guilty of contributory negligence and that the court should have sustained the motion of the defendant to exclude said evidence from the jury.

This conclusion virtually disposes of the case and renders any consideration of the errors assigned unimportant. It may not, however, be improper to say that according to the principles decided by this Court in *Chapman* v. *Milton*, 31 W. Va. 384, and *Riggs* v. *Huntington*, 32 W. Va. 55, we do not think the court erred in refusing to give to the jury the instructions requested by the defendant. For the reasons aforesaid I am of the opinion the judgment of the Circuit Court must be reversed, the verdict of the jury set aside, and

the case remanded for further proceedings according to the principles announced in this opinion.

REVERSED. REMANDED.