# CHARLESTON.

## HYSELL, ADMX. *v.* CENTRAL CITY.

Submitted June 3, 1910.   Decided March 7, 1911.

1. MUNICIPAL CORPORATIONS—*Defects in Streets—Contributory Negligence.*

   If a traveler on a public road or street negligently sustain injuries from open and apparent defects therein, of which his observations prudently exercised would, or ought to have informed him, he is guilty of contributory negligence, precluding recovery of damages for the injuries thus sustained.

2. NEGLIGENCE—*Question for Jury—Contributory Negligence.*

   When the facts showing such contributory negligence are undisputed, the question becomes one of law for the court, and not of fact for jury decision.

   (BRANNON, JUDGE, absent.)

Error to Circuit Court, Cabell County.

Action by Martha L. Hysell against the city of Central City. Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*Marcum & Shepherd,* for plaintiff in error.

*Isbell & Perry,* for defendant in error.

MILLER, JUDGE:

The declaration in this case was, on a former hearing here, held good on demurrer, and the case was remanded for trial. *Hysell* v. *Central City,* 64 W. Va. 133.   On the trial below plaintiff obtained a verdict and judgment for $5,000.00.

On this writ of error we are called upon to test the right of

recovery, not upon the pleadings, but upon the facts proven on the trial. Do the undisputed facts proven make out a good cause of action?

These facts are few. Hysell, the decedent, was a teamster, of experience, employed in the City of Huntington, in driving a large brewery wagon. He had frequently, before the day of his death, in the same wagon, driven over Monroe Avenue. The wagon was provided with a very high seat, in front, where he sat in driving. The time of the accident was the evening of October 25, 1906. Hysell had just put off his load at the brewery on Fifteenth street, and with two boys, one sitting in the back end of the wagon, the other standing up behind him, holding on to the seat, he started for the barn. The evidence is that he drove out Fifteenth street to Monroe Avenue, and thence up said avenue, and after crossing a switch, one of the boys says, he touched up the horses with the whip, and went on in a "dog trot". A woman who saw him from a window, however, says he was driving along leisurely and she did not see him use the whip or drive rapidly. This conflict in the evidence, however, is unimportant. There was a hole in Monroe Avenue, on the right hand side going up from the brewery, which the witnesses call a chuck hole, from three to four feet in length, and sloping from each end to the depth of about twelve inches, and about eighteen inches in width, made by wagons and other vehicles in passing over the street. On reaching this hole, Hysell drove down into it, and as the woman says, who witnessed it, as the wheel which went into this hole raised up the other wheel went down, and Hysell pitched out on his face between the horses and the wagon and the wheel ran over him. Monroe Avenue is a street from forty to fifty feet in width, not one of the paved streets of the city, but practically level, and there was nothing to obstruct one's view in driving over it, and by using his senses he can easily see all depressions, or holes in the way. Witnesses for plaintiff, who used the street, say, there was no trouble to pass around the hole, that there was plenty of room.

Do these facts present a good cause of action? We think not. If they do, then every traveler over a public road or street, may by driving negligently into a hole or depression, one too

which he has helped to make, and if he sustains injuries thereby, hold a county or city liable in damages. Such is not the law. The facts proven in this case places it clearly within the rules and principles of *Phillips* v. *County Court*, 31 W. Va. 477; *Moore* v. *Huntington, Id.* 842; *Hesser* v. *Grafton*, 33 W. Va. 548; *Phillips* v. *Huntington*, 35 W. Va. 406; *Snoddy* v. *Huntington*, 37 W. Va. 112; *Yeager* v. *Bluefield*, 40 W. Va. 484; *Van Pelt* v. *Clarksburg*, 42 W. Va. 218; *Waggener* v. *Pt. Pleasant, Id.* 798; *Slaughter* v. *Huntington*, 64 W. Va. 240; and *Shriver* v. *Marion County Court*, 66 W. Va. 685, 66 S. E. 1062.

These cases all unite in holding that if a traveler on a public road or street negligently sustain injuries from open and apparent defects therein, and of which his observations prudently exercised would, or ought to have informed him, he is guilty of contributory negligence, precluding recovery of damages for the injuries thus sustained.

And the law is that when the facts showing contributory negligence, as in this case, are undisputed the question becomes one of law for the court, and not of fact for jury determination. *Snoddy* v. *Huntington, Phillips* v. *Huntington, supra.*

It is unnecessary, in view of the numerous prior decisions cited to here again review or reiterate the legal rules and principles controlling our decision in this case. Nothing new in law or fact is here presented requiring it. It is unnecessary to do more than refer to those cases.

Our conclusion is that, on the evidence adduced on the trial, the court below erred in rejecting defendant's instruction number one, to find for defendant.

The giving of plaintiff's instructions numbered one and three and the rejection of defendant's instruction numbered four, six, nine, ten, eleven and twelve, is also complained of by plaintiff in error. As we can not see clearly that a different case can not be made on another trial, we have determined to reverse the judgment below and remand the case. This renders it proper that we should dispose briefly of the questions presented in the instructions.

Plaintiff's instruction number one, we think states a correct legal proposition. It is not a binding instruction, and, though

taking no account of the question of contributory negligence, fully covered by other instructions, we see no error in it as given. Plaintiff's instruction number three we think plainly good. We see nothing particularly wrong with defendant's instructions numbered six, eleven and twelve, refused, but they were sufficiently covered by other instructions given, and there was no reversible error in not repeating the same propositions in those rejected. Instructions number nine and ten, are abstract propositions, and if otherwise good, not applicable to the case, and were properly rejected.

We reverse the judgment below, set aside the verdict and remand the case for a new trial.

*Reversed and Remanded.*