# CHARLESTON

PAUGH v. CITY OF PARSONS.

Submitted May 12, 1914.   Decided May 26, 1914.

MUNICIPAL CORPORATIONS—*Injuries to Pedestrian—Contributory Negligence.*

A pedestrian who, on a dark night, walks, without a light, on an ungraded part of a walk way in a new and unimproved city addition, with knowledge of its dangerous condition because of obstructions thereon, in lieu of the drive way, which he knows is equally con-

venient and more secure because unobstructed, is guilty of contributory negligence, precluding recovery against the municipality for any injury sustained while thereon.

Error to Circuit Court, Tucker County.

Action by Benjamin H. Paugh against the City of Parsons. Judgment for plaintiff, and defendant brings error.

*Reversed and judgment for defendant.*

*L. Hansford* and *A. Jay Valentine,* for plaintiff in erorr.

*A. R. Stallings,* for defendant in error.

Lynch, Judge:

Plaintiff brought this action to recover damages for injury sustained while walking on a street within the corporate limits of the city of Parsons. The street was located in a new addition, opened and laid out by the owner of the land into lots and streets. Plaintiff and Pifer purchased lots, in front of which each of them had constructed cement pavements. Davisson owned the lot between; but at the time of the injury neither he nor the city had done anything by way of preparing the sidewalk in front of the lot for use by the public. It remained in its natural condition, except that a gas company had placed in it a curb box, which stood about four inches above the level of the surface.

The only questions arising on this review are: Had the city accepted the dedication of the street on which plaintiff was injured? If so, was plaintiff guilty of contributory negligence? While meager, the evidence may be deemed sufficient to show an acceptance by the municipality. But plaintiff's evidence alone amply warrants an affirmative answer to the second inquiry.

That he knew the walk way where he fell was unsafe because of the gas box, and also because of a pile of lumber therein; that it was ungraded; and that he could with safety and without inconvenience have walked on other parts of the same street, because readily accessible and free from obstruction, abundantly appears from his own testimony. He says: "I came home from work at six o'clock, and, it being the last day of grace to pay the gas bill, I started out to pay it,

between seven and eight o'clock, and I stumped my toe against the gas box and fell with my hand against the concrete walk. * * It was very dark. There was some lumber up next to the fence, but the children had got up and pulled it away, and I went from the fence back to the sidewalk, and when I got up to the line of the sidewalk I thought I was by'' the gas box, ''and caught my toe. I thought I had got around it. There was no light there. * * I stumped my toe on it a time or two'' before. ''I knew it was there all the time''. ''Where the horses travel I would have been all right''. ''You had walked along there frequently? Yes, sir. Had not fallen down? No, my daughters would lead me along (he was 63 years of age). And you will not say there was not plenty of room. Yes, sir, if I could see. If you had walked straight along you would not have fallen? If the lumber had not been there I would not. The lumber was there. I could tell the ends were sticking out two and a half or three feet. You mean out even with the gas plug? Yes, sir.'' However, from the testimony of Pifer, it appears the lumber was at least ten feet from and not directly opposite the gas box; and, from the testimony of other witnesses, including the plaintiff, that the lumber was near the fence, and the gas box eighteen inches from the outer edge of the walk way, the width of which was from four and a half to five feet.

If, with this knowledge, plaintiff chose to follow an unsafe rather than an equally convenient and entirely safe course, which, as he admits, was readily accessible and free from obsetructions he must, in view of our holdings, bear the burden incident to his choice. For if, upon the facts thus admitted, plaintiff can recover, it is difficult to conceive under what circumstances the doctrine of contributory negligence is applicable. A traveler on a highway, under the circumstances here disclosed, must exercise a higher degree of care for his own safety than plaintiff exercised at the time of his injury, before he can justly impute liability to a municipality. The facts admitted bring the case clearly within the principles frequently announced by this court. *Phillips* v. *County Court,* 31 W. Va. 477; *Moore* v. *Huntington,* 31 W. Va. 842; *Hesser* v. *Grafton.* 33 W. Va. 548; *Snoddy* v.

*Huntington,* 37 W. Va. 111; *Slaughter* v. *Huntington,* 64 W. Va. 240; *Shriver* v. *County Court,* 66 W. Va. 685; *Hysell* v. *Central City,* 68 W. Va. 769. See also 6 McQuillin on Mun. Corp., §§2826-2835.

These cases agree in denying relief to a plaintiff where, with knowledge of an obstruction rendering a highway unsafe, he is injured as a result of his own negligence or want of due care; especially where, as in this case, by the exercise of reasonable diligence, he could have passed in safety over other portions thereof equally convenient to him and on which he could walk free from danger or risk of injury. Under these conditions it is difficult to conceive any principle entitling him to recover for an injury, which would not have occurred but for his own negligence.

The trial court should have sustained defendant's motion to exclude plaintiff's evidence. Not having done so, we reverse its judgment, and enter judgment here for defendant.

*Reversed, and Judgment for Defendant.*