# CHARLESTON.

## NEVADA REYNOLDS v. TOWN OF MILTON.

Submitted January 23, 1923.   Decided February 6, 1923.

1. MUNICIPAL CORPORATIONS—*Municipality Charged with Ordinary Care to Keep Streets and Sidewalks Reasonably Safe for Travel by Day or Night; Whether Municipality Keeps Streets and Sidewalks Reasonably Safe for Travel by Day or Night Question for Determination by Particular Circumstances of Each Case.*

   A municipality is required to keep its streets and sidewalks in a reasonably safe condition for travel, in the ordinary modes, with ordinary care, by day or night; and whether so or .not is a practical question to be determined in each case by its particular circumstances.

2.  SAME—*Negligence of Municipality and Contributory Negligence of One Injured on Sidewalks or Streets, Usually Questions for Jury.*

    In a suit brought against a municipality by a person using its streets or sidewalks, for damages resulting from personal injury sustained by such person because of alleged defect or obstruction of such streets or sidewalks, as to whether or not the defendant is guilty of actionable negligence or the plaintiff guilty of contributory negligence are usually questions to be properly submitted to the jury.  (p. 112).

3.  TRIAL—*Instruction Excusing Contributory Negligence of Injured Pedestrian in Failing to Observe Defect on Sidewalk or Streets Held Improper.*

    In such case where the plaintiff claims to have suffered personal injury by coming in contact with an open and obvious defect or obstruction, and seeks to relieve herself from contributory negligence, it is improper to instruct the jury that if in approaching the defect or obstruction, plaintiff's attention was suddenly attracted by some unusual noise, by reason of which, and the condition surrounding her, she did not see the defect or obstruction, she is excused from failure to observe. Even where the plaintiff has given good reasons for failure to observe an open and obvious defect or obstruction, the jury should determine from such reasons and all the other facts and circumstances in the case the question of contributory negligence.  (p. 114).

Error to Circuit Court, Cabell County.

Action by Nevada Reynolds against the Town of Milton. From a judgment for plaintiff, defendant brings error.

*Reversed and remanded.*

*Williams, Scott & Lovett,* for plaintiff in error.

*Sanders & Smoot* and *J. H. Stricklin,* for defendant in error.

LITZ, JUDGE:

The defendant, town of Milton, prosecutes this writ of error to a judgment against it by the Circuit Court of Cabell county in favor of the plaintiff in the sum of $750.00 for personal injuries sustained on account of alleged obstruction on a sidewalk of said town.

North Main Street, of Milton, which runs east and west,

intersects at right angles with Pike Street. An excavation for the erection of a building on a town lot at the northeast corner of the intersection of these streets had been made to the depth of about six or seven feet, extending from Pike Street along North Main Street with the northern boundary line of a concrete sidewalk ten feet wide for a distance of sixty feet. Between the sidewalk and the curb of the street lay a strip of dirt or parkway seven feet in width. The street from the curb was paved for a width of twenty-four feet, and an additional strip four or five feet wide, laid with concrete, made a hard surface street south of the curb twenty-eight to twenty-nine feet in width.

A pump had been placed in the excavation for the purpose of removing therefrom accumulated water. This pump connected with an iron pipe about two and one-half inches in diameter, laid at right angles across the sidewalk, for the purpose of conveying the water to the street. The end of the pipe, connecting with the pump, was within probably one or two inches of the walk, and the other end rested upon two bricks placed on the parkway, at an elevation of probably three or four inches. Immediately east of the pipe across the sidewalk a pile of brick fifteen to twenty feet long, and five or six feet in height, had been stacked on the parkway between the sidewalk and curb.

Plaintiff lived in the country three or four miles from Milton. On the morning of the accident, May 19th, 1921, she walked into town, reaching North Main Street, a short distance east of the pipe across the sidewalk; and from thence traveled the said sidewalk on her way to Roberts' store, about three hundred feet west of the pipe. She observed in passing the pipe (stepping over it), the excavation, and the pile of brick and men on it stacking brick that were being unloaded from a wagon. She says that at this time the pump was not in operation; and that as she passed the excavation, she turned her head from the excavation toward the street, fearing that she might become dizzy and fall into the excavation. After remaining at Roberts' store for a few minutes she started back the way she had come. Describing the excavation as

"hole" or "basement," she tells the story of her return from Roberts' store as follows:

> "As I went back why I was noticing this hole as I got to it. I knew if I didn't turn my head when I got to it, I would get dizzy headed and I might fall into the basement, as I turned my head and just as I went to turn my head I heard something hit or fall or drop, something made an awful noise, across this way, which kind of attracted my attention, as I looked over I never seen anything only I noticed this brick pile, I kind of noticed it slantways, just out of the corner of my eye, and just in a second I fell over this water pipe."

She further says both of her feet caught under the pipe, causing her to fall face forward.

Counsel for the defendant relying upon the cases of *Waggener* v. *Point Pleasant*, 42 W. Va. 798; *Van Pelt* v. *Clarksburg*, 42 W. Va. 218; and *Yeager* v. *Bluefield*, 40 W. Va. 484, contend that the town was not negligent in permitting the pipe to remain across the sidewalk and that the same does not constitute an actionable obstruction.

A municipality is required only to keep its streets and sidewalks in a reasonably safe condition for travel in the ordinary modes, with ordinary care, by day or night; and whether so or not is a practical question to be determined in each case by its particular circumstances. *Wilson* v. *City of Wheeling*, 19 W. Va. 323.

It was held in the Waggener case that a municipality was not guilty of negligence for permitting a brick sidewalk to become and remain uneven and irregular, on account of which it was alleged that plaintiff, Waggener, caught his foot against a projecting brick, fell, and sustained injury. In the Yeager case the town was held not liable for injury to a pedestrian occasioned by his slipping and falling at a street crossing where mud had accumulated on a rock surface of the street. In the Van Pelt case the town was relieved by the court, where the plaintiff, a teamster, thoroughly acquainted

with the street, had sustained injury by driving into a "chuck hole" which could have been avoided. We think the question here, however, was proper for the jury.

The defendant, also, urgently insists that the plaintiff was guilty of contributory negligence as a matter of law and that upon this ground its peremptory instruction should have been given. Counsel for plaintiff apparently concedes that ordinarily where the obstruction is plain to be seen, as in this case, a pedestrian sustaining injury by coming in contact with the same is guilty of contributory negligence, but would save the plaintiff here under an exception to the rule.

The case of *Corbin* v. *City of Huntington*, 81 W. Va. 154, point three of the syllabus, states the exception relied on, as follows:

> "Generally, one traversing the streets or side-walks of a municipality has the right to assume that they are in a reasonably safe condition for traveling by day and by night, and though defects therein are plainly to be seen, nevertheless, where one has his attention diverted and for good reasons does not see such defects therein and sustains personal injuries therefrom, the question of contributory negligence is one for the jury, depending on all the facts and circumstances in the case."

But upon this theory the testimony of the plaintiff herself is unsatisfactory. From her own statement, her attention was not unconsciously or otherwise drawn from the sidewalk and excavation, but she deliberately turned her gaze toward the street to avoid seeing the excavation, and it was after she had consciously taken her attention from the excavation and sidewalk that she claims to have heard some unusual noise, causing her greater nervous disturbance.

In the case of *Moore* v. *Huntington*, 31 W. Va. 848, Judge Snyder says: "It is well settled, as a general rule of law, that in an action against a municipal corporation for personal injury caused by a defective street or sidewalk, the plaintiff is not entitled to recover where he knowingly and consciously incurs danger, which there is no necessity for

incurring. While a proper degree of care is required from the authorities of a city or town, upon the other hand at least ordinary care is required from the traveler or person using the highway. He cannot shut his eyes against apparent dangers. He is bound to keep his eyes open and maintain a proper degree of watchfulness against danger.''

The ''hole'' or excavation bordered the sidewalk on plaintiff's left and it would seem impracticable for her to have shut off her view of the excavation without taking her eye away from the sidewalk.

She might, however, have passed over the pipe safely but for the unusual noise distracting her attention, as she. claims to have seen and stepped over the pipe on her way to the store, notwithstanding her head was at that time turned from the excavation to avoid dizziness and falling into the excavation. The evidence, therefore, not clearly showing contributory negligence, we will hold here that this defense was proper for the jury. Only when a clear case of contributory negligence is disclosed by the evidence, will the court take the case from the jury, upon a proper application for such action, such as a motion to exclude the evidence, a motion to direct a verdict for the defendant, or a demurrer to the eidence. *Phillips* v. *Huntington,* 35 W. Va. 406; *Shriver* v. *County Court,* 66 W. Va. 685.

The defendant also complains of the instruction given in behalf of plaintiff, as follows: ''The court instructs the jury that the reasonable diligence to be exercised by one using a sidewalk is meant that under such diligence all the circumstances and facts surrounding her at the time shall be considered, that is to say, if in approaching the pipe across the sidewalk in this case, the jury should find that the person using ordinary diligence should have seen and detected the obstruction, yet if you find from the evidence that at the time the plaintiff approached this obstruction her attention was suddenly detracted by some unusual noise and the condition surrounding her at the time and because of her

attention being detracted from the walk at the time she walked into the pipe and was thrown and injured, the city is liable for permitting said obstruction to remain on the sidewalk without properly protecting the same, if you should find that the pipe in evidence was an obstruction.''

This instruction is criticized on three grounds: First, it does not define actionable obstruction; second, it ignores the fact that the plaintiff carefully passed over the pipe a few minutes before the accident and deliberately lifted her feet over it, and could have seen it at the time of the accident by the employment of ordinary caution; and, third, it ignores the further fact that North Main Street, thirty feet wide, unobserved and unsafe, could have been used by the plaintiff if the sidewalk was, or thought to be dangerous. We see no merit in any of these grounds. The defendant's theories in these respects are fully covered by instruction given for it.

The instruction, however, is wrong in that it tells the jury as a matter of law that the plaintiff is not chargeable with contributory negligence, if in approaching the pipe across the sidewalk her attention was suddenly detracted by some unusual noise, and by reason of which, and the condition surrounding her, she came in contact with the obstruction.

It was improper to tell the jury that the plaintiff was excused from seeing the obstruction on the ground merely that her attention had been drawn away. The jury should have been permitted to determine whether or not the reasons given by the plaintiff for not having observed this plain and obvious obstruction, were, in connection with all the other facts and circumstances in the case, sufficient to relieve her from the charge of negligence. *Corbin* v. *Huntington, supra.* This should be true, particularly in view of the uncertain character of the plaintiff's testimony in this respect.

For the reasons stated, we reverse the judgment of the circuit court, set aside the verdict of the jury, and award the defendant a new trial.

*Reversed and remanded.*