# CHARLESTON.

HESTER WADDELL, *Administratrix, v.* THE CITY OF WILLIAMSON

(No. 5053.)

Submitted May 30, 1924.   Decided March 24, 1925.

1. SYLLABUS IN PRIOR CASE FOLLOWED AND APPLIED.

Point 9 of the syllabus in the case of *Williams* v. *Coal Co.,* 83 W'. Va. 464, followed and applied. (p. 549).

(Municipal Corporations, 28 Cyc. p. 1510.)

2. MUNICIPAL CORPORATIONS—*Member of Fire Department May Take Greater Risks Than Private Citizen.*

Conduct which would be considered reckless in a private citizen may not be improvident on the part of a member of a city fire department, when in the discharge of his public duties. He may take greater risks than a private citizen and yet be within the rule of ordinary care. (p. 549).

(Municipal Corporations, 28 Cyc. p. 1419.)

3. SAME—*Member of Fire Department Must Use Ordinary Care.*

Nevertheless a member of a fire department must use ordinary care to prevent injury to himself. (p. 550).

(Municipal Corporations, 28 Cyc. p. 1419.)

4. SAME—*Ordinance Limiting Speed Inapplicable to Fire Department.*

An ordinance limiting the speed of vehicles in a city has no application to the fire department. (p. 552).

(Municipal Corporations, 28 Cyc. p. 910.)

5. SAME—*Whether Street Was Out of Repair Because of Ditch Held for Jury; Whether Ditch Caused Injury Held for Jury.*

Whether a ditch near the improved part of a street is a part of the street; whether such ditch causes the street to be *out of repair* within the meaning of sec. 167 of ch. 43, Code, and whether the ditch is the proximate cause of an injury received by a traveller at that place, are usually questions for a jury. (p. 551).

(Municipal Corporations, 28 Cyc. pp. 1502, 1509.)

(NOTE:—Parenthetical references by Editors.  C. J.—Cyc.  Not part of syllabi.)

Error to Circuit Court, Mingo County.

Action by Hester Waddell, as administratrix of her deceased husband, against the City of Williamson.  On motion of de-

fendant, verdict for plaintiff was set aside, and new trial awarded, and plaintiff brings error.

*Affirmed.*

*Bias & Chafin,* for plaintiff in error.
*Goodykoontz, Scherr & Slaven,* for defendant in error.

HATCHER, JUDGE:

Plaintiff's husband was fire chief of the city of Williamson. At the time of the injury herein complained of, he was responding to a fire call in his own automobile. At the place of injury there was a paved street sixteen feet wide. This street was within and maintained by the city. Mr. Waddell's rate of speed was estimated at from fifteen to twenty-five miles per hour. In passing another automobile, he swung his car to the left until its outside wheels dropped into a ditch just off the paved street. Without checking his speed, he proceeded along the ditch for about sixty feet, tugging at his steering wheel mightily in his effort to get his car back on the paved road. When he succeeded in steering it out of the ditch, the car, "in a thought," shot across the street at about the same angle as it came from the ditch, and plunged some two hundred feet down an unguarded declivity. He died from injuries thereby received.

The defendant offered evidence that the steering gear of the car was in bad order, and that the deceased was under the influence of intoxicants at the time. This was denied by witnesses for plaintiff.

The jury returned a verdict of $5,000.00 for the plaintiff. On motion of defendant, the trial court set aside the verdict and awarded it a new trial. A writ of error sought by the plaintiff brought the case here.

The plaintiff contends that the ditch in question rendered the street out of repair, within the meaning of the statute, and was the proximate cause of the death of Mr. Waddell. The defendant denies that the ditch was a part of the street, and contends that his death was due either to the defective steering gear of his automobile, to his intoxicated condition,

or to his reckless driving. The plaintiff would have us say that the law and the evidence warranted the verdict and have us enter judgment on the verdict. The defendant would have us hold as a matter of law that its street was not out of repair because of the ditch, and that in any event, Mr. Waddell was guilty of such contributory negligence as bars a recovery for his death.

Section 167 of chapter 43, Code, as construed in *Williams v. Coal Co.*, 83 W. Va. 464, and other cases by this court, makes the duty of a municipality to keep its streets in repair an absolute duty. The same cases, however, recognize contributory negligence as a valid defense to an injury from a defect in a road or street. If Mr. Waddell had been a private citizen at the time of his injury, we might be warranted in holding that his conduct was so palpably negligent as to bar recovery for his death. Conduct ordinarily considered reckless in a private citizen may not necessarily be improvident on the part of a fire chief. A member of a fire company may take greater risks than a private citizen and yet be within the rule of ordinary care.

> "The duties of a member of the city fire department, when driving fire apparatus on a call to a fire, may require him to take risks which it would be negligence for a private person to take in pursuit of his private business."
> *Warren* v. *Mendenhall,* (Minn.) 79 N. W. 661.

In its opinion in this case, the court says:

> "It is often the duty of a fireman, when attending a fire or responding to a fire alarm, to act, regardless of a considerable degree of danger to himself. To hesitate or stop at every slight indication of danger might often be a dastardly failure of duty on his part. His duties are of a public character, and in cities of a considerable size these duties are exceedingly important. On many occasions, his instant and fearless action is imperatively necessary to prevent widespread disaster, the loss of property, or the loss of life, or both; and when he is called, he seldom knows the urgency of the occasion until he arrives upon the ground."

98 W. Va.

To the same effect is the reasoning of the court of Wisconsin, in the case of *Hanlon* v. *Milwaukee Electric Ry. & Light Co.,* 95 N. W. 100:

"Among those things which distinguish the conduct of the driver of fire apparatus from others is, primarily, the duty and necessity of great speed. The loss of moments may mean destruction of lives or property. The public purpose which such men and appliances serve would be defeated by the hesitation and caution which does and should characterize the ordinary traveler. To serve this public purpose, the driver must and does seize every opportunity to make expedition. He takes chances, in deference to the imperative necessity for speed, which would be wholly unjustifiable otherwise. These things firemen do. These things they must do. The conclusion seems irresistible, either that they are consistent with ordinary care under those circumstances, or that the ordinarily prudent man cannot hold a position in the fire department."

Nevertheless, a fireman must use ordinary care for his own safety:

"Of course, such a fireman must use ordinary care. Ordinary care is care commensurate with the occasion; and, when the dangers are great, it may be a very high degree of care. When a fireman's duty requires him to take great risks, the rule of ordinary care may require him to be exceedingly alert and watchful to prevent injury to himself and others, but still that rule may not prohibit him from venturing into the danger."

*Warren* v. *Mendenhall, supra.*

We held in *Williams* v. *Coal Co., supra,* in *Chambers* v. *Princeton Power Co.,* 117 S. E. 480, and in other cases, that ordinarily the question of negligence, as well as that of contributory negligence should be submitted to the jury. This principle is sustained and applied to cases like the one under consideration by the weight of authority.

"In an action by such a member against a street-railway company for damages for an injury to him

resulting from a collision, at a street crossing, between a street car and a hook and ladder truck driven by him, held, that the question of defendant's negligence and of the contributory negligence were both for the jury.''

> . *Warren* v. *Mendenhall, supra.*

''Whether plaintiff, the driver of a hose cart, injured in a collision with a street car at a crossing while driving to a fire, was guilty of contributory negligence in attempting to cross ahead of the car, was for the jury.''

> *Hanlon* v. *Milwaukee Electric Ry. & Light Co., supra.*

''The question of the contributory negligence of the plaintiff was one also for the jury.''  *  *  *

''The conduct of the plaintiff was for the consideration .of the jury. He took the usual risks of an employment of a dangerous character, but he did not assume the risks of the insecurity of streets resulting from the culpable negligence of the city. He was bound in driving to exercise the care which a prudent person would ordinarily exercise under simliar circumstances. It was for the jury to say whether he was alert on this occasion, watchful to avoid obstructions which might be in his path, and whether there was any omission on his part of reasonable circumspection and diligence which contributed to the accident.''

> Opinion in *Farley* v. *The Mayor,* 152 N. Y. 222.

To the same effect are *Palmer* v. *Portsmouth,* 43 N. H. 265; *Decker* v. *Brooklyn Heights R. R. Co.,* 72 N. Y. Supp. 229; *Wilson* v. *Great Southern T. & T. Co.,* 41 La. Ann. ——, 6 So. 781; *Garrity* v. *Detroit Ry Co.* (Mich.) 70 N. W. 1018.

We, therefore, hold that the questions herein of negligence, ordinary care, and contributory negligence should be passed upon by a jury. These issues were not fairly submitted to the jury by the trial court, and the verdict was therefore properly set aside. The trial court erred in giving plaintiff's instruction number 4 and also erred in refusing to give defendant's instructions numbers 4, 5 and 8. Plaintiff's instruction number 4 told the jury that the deceased was not

guilty of contributory negligence. This was error. Defendant's instructions numbers 4, 5 and 8 would have submitted to the jury the alleged unsafe condition of the steering gear of the automobile, and whether or not the deceased used ordinary care for his own safety. It was error to refuse these instructions.

The defendant argues that because decedent was exceeding the speed limit permitted by its ordinance, recovery is barred. Such an ordinance has no application to the fire department. *Kansas City* v. *McDonald*, 60 Kan. 481; *Farley* v. *The Mayor*, 152 N. Y. 222, 46 N. E. 506.

Defendant also charges error to the trial court because plaintiff was permitted to show that decedent was fire chief, his official position not being alleged in the declaration. This exception would have been well taken, if plaintiff had based her case in part or whole on the fact that he was fire chief. She does not do this. She bases her action on the violation of the duty the defendant owed to her husband as a citizen and not as a member of the fire department. Evidence that he was fire chief was admissible to explain his part in the drama that led to his death, and to qualify the inference of negligence that his conduct might otherwise imply.

The defendant further contends that in no event can it be liable in this case because the ditch was not in its paved street, but at a place not set apart for public travel.

If this ditch was so close to the traveled way as that injury to travelers slightly diverging therefrom should reasonably have been anticipated, then the city cannot escape liability merely because the ditch was not in the improved part of the street. *Garr* v. *City of McMechen*, 86 W. Va. 594; *Townley* v. *City of Huntington*, 68 W. Va. 574. Whether the ditch was a part of the street is ordinarily a question for a jury. Thompson on Negligence, sec. 6047.

The defendant finally questions its liability for a defect in a street because its charter gives the *power*, but does not specifically make it the *duty* of the city to keep its streets in repair. The Mayor of defendant testified that the street in question was one of the thoroughfares of the city and had been used, worked, and treated as such by the city for some

ten or twelve years. The city having exercised its *power* to use this street, the *duty* to keep it in repair would necessarily follow.

The ruling of the trial court in setting aside the verdict and awarding a new trial is therefore affirmed.

*Affirmed.*