ELLA A. FIELDS *v.* CITY OF SPENCER

(No. 7047)

Submitted October 27, 1931.   Decided December 12, 1931.

*Thomas P. Ryan, W. S. Ryan* and *Poffenbarger & Poffenbarger, for plaintiff in error.*
*S. P. Bell* and *Grover F. Hedges,* for defendant in error.

LITZ, PRESIDENT:

Plaintiff, (Mrs.) Ella M. Fields, is aggrieved by the judgment of the circuit court of Roane county, setting aside a verdict of $4,500 in her favor against defendant, city of

Spencer, in an action of trespass on the case for injury she sustained by falling into an excavation in a sidewalk of the city.

About 7 p. m., May 29, 1930, Mrs. Fields left her home (on Bartlett Avenue of said city) walking, to attend a nearby church meeting. Passing down the only sidewalk on the avenue, about 200 feet, she observed an excavation 12 to 15 inches wide, 4 to 7 inches deep, and approximately 42 inches long, extending from a few inches in the street across the curb and sidewalk to within 12 or 15 inches of the opposite side of the walk along which stood a rock wall 25 inches in height. Immediately back of the wall was a growing hedge which projected across the wall and slightly over the sidewalk. The street, 15½ feet in width, was paved with concrete. The sidewalk, including a 6-inch curb on the same level with it and 6 inches higher than the street, was 54 inches wide. The dirt from the excavation had been placed along the curb in the street. She stepped across the opening, thinking that it was dangerous, but soon dismissed the thought believing the city would before dark place warning lights or boards over the hole. Returning from church by the same route after darkness, she observed upon the sidewalk, on approaching the place where she had seen the excavation, the shadow cast by a telephone pole located between the opening and a 100 watt street light 75 or 80 feet beyond. Behind her, at the intersection of Bartlett Avenue and Market Street, two or three hundred feet from the excavation, was a 600 watt street light. The shadow of the telephone pole covered about 23 inches of the excavation next to the street and extended approximately 100 feet beyond, thus indicating that the smaller light predominated over the larger to that point. Plaintiff says that notwithstanding she was expecting to find the hole covered, she nevertheless proceeded cautiously. That in doing so she encountered a branch projecting from the hedge, and not realizing that she had yet reached the opening, stepped toward the center of the walk to avoid being struck in the face by the branch of the hedge and fell into the hole.

The excavation had been originally made and refilled with dirt several weeks previously by the United Fuel Gas Company in repairing its gas line. The dirt was again removed on the day of the accident preparatory to replacing the broken concrete. There were other similar breaks in the sidewalks of the city which were being repaired at the same time. It was the custom in such cases for the holes to be covered with boards for the protection of pedestrians until the concrete had been replaced. Before the dirt was removed on the day of the accident, boards had in fact been placed near the excavation to cover the break in the walk. A. D. Gainor, mayor of the city, testified that the hole could have been seen 50 or 60 feet at night by a pedestrian using the sidewalk. Plaintiff did not offer evidence on this point.

The trial court was of opinion that plaintiff should have left the sidewalk and traveled the street around the opening, and that by continuing on the sidewalk she had subjected herself to contributory negligence; citing in support thereof, among other cases, *Boyland* v. *City of Parkersburg,* 78 W. Va. 749, 90 S. E. 347, in which it is said that ''a traveler along a public highway having two reasonably convenient ways for his journey, one by continuing on the sidewalk which is known to him to be dangerous, and the other by leaving the sidewalk and traveling along the street known to him to be safe, assumes the risk if he takes the dangerous way * * *.'' This Court is of a like opinion, and is of the further view that plaintiff, could have avoided falling into the excavation, by the exercise of reasonable care in continuing her passage along the sidewalk, as about 19 inches of the opening and the solid portion of the sidewalk was unaffected by the shadow from the telephone pole. The writer is, however, inclined to the view that plaintiff had a right to assume, under the circumstances, that the hole had been covered, and that the immediate cause of her stepping into the hole was a monetary distraction of mind occasioned by the hedge.

The judgment of the circuit court is, therefore, affirmed.

*Affirmed.*