C. PAUL JONES

*v.*

CITY OF MANNINGTON, *et al.*

(No. 12256)

Submitted May 5, 1964.     Decided June 23, 1964.

584

*Furbee & Hardesty, Russell L. Furbee, Thomas J. Whyte,* for appellant.

*A. Blake Billingslea,* for appellees.

CALHOUN, JUDGE:

This case involves an action instituted in the Circuit Court of Marion County by C. Paul Jones against the City of Mannington, a municipal corporation, and Thelma Shaw to recover damages for personal injuries to the plaintiff and damage to his automobile caused by the falling of a boulder or large stone from a rock precipice or cliff located on the property of Thelma Shaw near Pyles Avenue, one of the public streets of the city.

Upon a jury trial, the court, at the conclusion of all the testimony, directed a verdict in favor of Thelma Shaw, and overruled a motion for a directed verdict made on behalf of the municipality. The jury returned a verdict against the city for $2,875.00 and judgment was entered on that verdict. From an order entered on February 8, 1963, by which the trial court refused to set aside the verdict and to award the defendant a new trial, the city has been granted an appeal to this Court.

The complaint is somewhat vague concerning the alleged basis of liability of the defendants, though it refers to "their concurrent negligence." From the entire record, including particularly Plaintiff's Instruction No. 1 which was read to the jury, it is obvious that the alleged liability of the municipality is based on Code, 1931, 17-10-17, as amended, which imposes liability upon a municipality to any person who sustains an injury to his person or property by reason of any street, sidewalk or alley within such municipality being out of repair.

Assignments of error relied upon by the defendant in this Court may be summarized as follows: (1) The injuries to the plaintiff and his automobile were caused by his own negligence; (2) the trial court erred in authorizing the jury to return a verdict against the city on the basis of the statute previously referred to because the plaintiff did not prove that the city failed to perform

any duty imposed upon it; (3) the evidence shows that the plaintiff is not entitled to recover because of his contributory negligence and assumption of risk; (4) the court refused to grant Defendant's Instruction No. 3-A which would have submitted the issue of contributory negligence to the jury; and (5) the court refused to grant Defendant's Instruction No. 7A which would have submitted to the jury the issue of assumption of risk.

The rock precipice or cliff is quite steep, almost perpendicular, from its base to its top. It is on and a part of a four-acre tract of land owned by Thelma Shaw. It is of natural origin. There is nothing to indicate that it has been altered in any respect by man. The evidence indicates that it is common knowledge in the community that, by operation of forces of nature, portions of the face of the cliff, consisting of stones of varying sizes, have broken loose and fallen intermittently for many years. The plaintiff, almost seventy years of age at the time of the trial, testified that he had known previously that large boulders fell from the cliff from time to time and that the consequent situation there was a dangerous one. At least since 1935, two signs have been maintained along the street, to warn persons approaching the area from both directions, bearing the following words: "FALLING ROCKS TRAVEL AT YOUR OWN RISK."

Pyles Avenue has a brick pavement fourteen feet in width. It was constructed as a public highway by the county in 1914, though in more recent years it has been maintained as a city street. The right of way is thirty feet in width. Apparently the base of the cliff is sixteen or seventeen feet from the right of way, or about thirty-one or thirty-two feet from the center of the paved portion of the street. That is to say, apparently it is approximately sixteen or seventeen feet from the edge of the right of way to the base of the cliff and that area constitutes a part of the four-acre tract of land owned by Thelma Shaw.

The stone which fell came from the face of the cliff, rather than from land at the top of and beyond the cliff.

It appears without question, therefore, that the stone came from the property of Thelma Shaw. There is no contention that the stone came from within the right of way or from any other property owned by or under the control of the city. There is no contention that the falling of the stone was caused by the city street actually "being out of repair."

The basis of the plaintiff's contention appears to be that the city exercised control to some degree of the six-teen or seventeen-foot area between the right of way and the base of the cliff; that this area was used at least to some degree by the public; that consequently there devolved upon the city in these circumstances a duty to keep such area in proper repair; that it became "out of repair" by the inaction of the city in failing to take precautions to prevent injury to persons and their property; and that such precautions could have been taken by discontinuing the use of Pyles Avenue and preventing travel thereon or by the erection of a wall or fence in front of the cliff and between it and the traveled portion of the street to protect the public from falling rocks.

The accident occurred during the early afternoon of November 20, 1961. At that time the plaintiff had driven to Pyles Avenue to have some work done on his automobile at Longstreth Garage, which is located directly across the street from the cliff. The plaintiff testified that another automobile was coming out of the entrance to the garage when he arrived; that he therefore backed his automobile toward the cliff and stopped while one-third or one-half of his automobile was still on the pavement; and that while his car was parked in that position, with its motor still running, the large boulder fell and struck the left rear of the car, driving it forward four to six feet. He testified that his car had been standing there less than a minute when it was struck by the boulder.

Frank Baker, aged seventy-nine, testified that he was in the garage at the time of the accident and that, when he came out of the garage after the accident, the plaintiff's "car was in the middle of the street" and that the

boulder also was on the paved portion of the street. This witness and the plaintiff were the only witnesses who testified in behalf of the plaintiff concerning the occurrence of the accident and the position of the plaintiff's automobile. All witnesses who testified in behalf of the defendants concerning the accident and the position of the car, three in number, testified that both the car and the boulder were completely off the pavement on the side toward the cliff after the accident. The testimony of these three defense witnesses indicates that the rear of the plaintiff's automobile was near the base of the cliff when it was struck by the boulder.

The testimony indicates that over a period of years prior to the accident the municipality, two or three times each year, has cleared out the fallen stone between the street and the base of the cliff with a road scraper or grader. There is no evidence that the city exercised control over the area in any other manner. Various people through the years have hauled away the stones which fell from the cliff and used them for fill purposes. J. L. Longstreth testified that he has tried to keep the area cleaned out and level to prevent danger to his garage from falling rocks. He testified that his purpose in doing so has been to keep the area cleared and level so falling stones will not roll in the direction of his place of business.

It appears from the testimony that it is necessary for motor vehicles to leave the pavement partially in order to pass each other; but, since the right of way is thirty feet in width, it is obvious that it is not necessary for a motor vehicle to leave the right of way, wholly or partially, merely to pass another vehicle approaching properly from the opposite direction. The record indicates that motor vehicles were parked from time to time between the pavement and the base of the cliff, apparently in part at least beyond the right of way line and on the Shaw land. We do not believe, however, that the evidence is sufficient to establish that this portion of Thelma Shaw's land was dedicated by her and accepted by the city as a part of its public street system. Mere intermittent use by the public of private property adjacent to a public

street cannot be held sufficient to constitute a dedication by the owner and an acceptance by municipal authorities of such property as a public street so as to impose liability on the municipality under the provisions of Code, 1931, 17-10-17, as amended. *Michaelson* v. *City of Charleston,* 71 W. Va. 35, pt. 4 syl., 75 S. E. 151; *Zirkle* v. *City of Elkins,* 93 W. Va. 39, 115 S. E. 875; *Monk* v. *Gillenwater,* 141 W. Va. 27, pt. 1 syl., 87 S. E. 2d 537.

Counsel for the plaintiff asserts in his brief that the "undisputed evidence shows that the plaintiff was injured as the proximate result of the creation and maintenance by the City of Mannington of a dangerous nuisance." We consider that position untenable. It cannot be said that the municipality either created or maintained the dangerous situation arising from the operation of forces of nature on the private property near the city street. No allegation of this nature appears in the complaint. The case was not tried in whole or in part on such a theory. On the contrary, the case was tried on the basis of the municipality's alleged liability under the statute to which reference has been made previously; and on the basis of that statute alone the liability or nonliability of the municipality must be tested and determined.

At common law, a municipality is not liable for damages caused by the negligence of its officers, agents, or employees in the exercise of governmental functions. *Hayes* v. *Town of Cedar Grove,* 128 W. Va. 590, pt. 3 syl., 37 S. E. 2d 450; *Hayes* v. *Town of Cedar Grove,* 126 W. Va. 828, pt. 5 syl., 30 S. E. 2d 726; *Haney* v. *Town of Rainelle,* 125 W. Va. 397, pt. 6 syl., 25 S. E. 2d 207; *Carder* v. *City of Clarksburg,* 100 W. Va. 605, pt. 1 syl. 131 S. E. 349; *Gibson* v. *City of Huntington,* 38 W. Va. 177, pt. 4 syl., 18 S. E. 447; Anno. 60 A.L.R. 2d 1198. The statute upon which the action in this case is based creates a liability which did not exist at common law. *Corrigan* v. *Board of Commissioners of Ohio County,* 74 W. Va. 89, 81 S. E. 566; *Hayes* v. *Town of Cedar Grove,* 128 W. Va. 590, 595, 596, 37 S. E. 2d 450, 453; *Cunningham* v. *County Court of Wood County,* 148 W. Va. 303, 134 S. E. 2d 725, 728. The liability of the

city, therefore, must be determined and limited according to the terms of the statute.

The case seems to have been tried under the theory that the liability of the municipality under the statute is absolute. The trial court properly refused instructions on the mere alleged negligence of the city in performing the governmental function of maintaining the city street. One instruction granted told the jury, quite properly, that there could be no recovery by the plaintiff if his injuries and damages "were caused wholly by his own conduct;" but the trial court refused to grant instructions which would have submitted to the jury the issues of contributory negligence and assumption of risk.

The liability of a municipality under the statute is absolute in a sense, but that means merely that liability is absolute, even in the absence of negligence and in the absence of notice of the defect, provided the cause of action itself is established within the terms of the statute. *Yeager* v. *City of Bluefield*, 40 W. Va. 484, pt. 5 syl., 21 S. E. 752; *Van Pelt* v. *Town of Clarksburg*, 42 W. Va. 218, pt. 2 syl., 24 S. E. 878; *Waggener* v. *Town of Point Pleasant*, 42 W. Va. 798, 801, 26 S. E. 352, 353; *Williams* v. *Main Island Creek Coal Co.*, 83 W. Va. 464, pt. 7 syl., 98 S. E. 511; *Taylor* v. *City of Huntington*, 126 W. Va. 732, 735, 736, 30 S. E. 2d 14, 16; *Burdick* v. *City of Huntington*, 133 W. Va. 724, 727, 728, 57 S. E. 2d 885, 888.

A municipal corporation is not an insurer against accidents and injuries on its streets and sidewalks; nor is every defect in a street or sidewalk actionable, even though it be the cause of the injury forming the basis of the action for damages. From the municipality's standpoint, it is sufficient if its streets and sidewalks are in a reasonably safe condition for travel in the ordinary modes, with ordinary care, by day or night; and whether the street or sidewalk is in such condition is a practical question to be determined in each case by its particular circumstances. *Costello* v. *City of Wheeling*, 145 W. Va. 455, pt. 1 syl., 117 S. E. 2d 513; *Morris* v. *City of Wheeling*, 140 W. Va. 78, pt. 4 syl., 82 S. E. 2d 536; *Van Pelt* v. *Town of*

*Clarksburg,* 42 W. Va. 218, pt. 1 syl., 24 S. E. 878; *Yeager* v. *City of Bluefield,* 40 W. Va. 484, pt. 4 syl., 21 S. E. 752.

"A street, sidewalk, or alley of a municipal corporation is 'out of repair' within the meaning of Code, 17-10-17, when the municipal corporation permits the street, sidewalk or alley to become unsafe for ordinary and lawful use by ordinary modes and with reasonable care by day or night." *Burcham* v. *City of Mullens,* 139 W. Va. 399, pt. 1 syl., 83 S. E. 2d 505. To the same effect, see *Reynolds* v. *Town of Milton,* 93 W. Va. 108, pt. 1 syl., 116 S. E. 516. Whether a street or sidewalk is "out of repair" is ordinarily a question of fact for the jury but such question should be decided by the court where the facts are undisputed or are such as would reasonably support only one conclusion. *Silverthorn* v. *City of Chester,* 106 W. Va. 613, syl., 146 S. E. 614; *Taylor* v. *City of Huntington,* 126 W. Va. 732, 737, 30 S. E. 2d 14, 17.

While the liability of the municipality under the statute may exist in the absence of negligence chargeable to it, the plaintiff, nevertheless, may be barred by his own contributory negligence. The question of contributory negligence is ordinarily one for the jury. *Haney* v. *Town of Rainelle,* 125 W. Va. 397, pt. 2 syl., 25 S. E. 2d 207; *Reynolds* v. *Town of Milton,* 93 W. Va. 108, pt. 2 syl., 116 S. E. 516; *Corbin* v. *City of Huntington,* 74 W. Va. 479, pt. 3 syl., 82 S. E. 323. The question is one for the jury when the facts, though undisputed, are such that reasonable men may draw different conclusions from them. *Taylor* v. *City of Huntington,* 126 W. Va. 732, pt. 3 syl., 30 S. E. 2d 14. When the facts relating to the issue of contributory negligence are undisputed or are of such nature that only one conclusion may reasonably be drawn from them, the question becomes one of law for the court. *Hesser* v. *Grafton,* 33 W. Va. 548, pt. 2 syl., 11 S. E. 211; *Slaughter* v. *City of Huntington,* 64 W. Va. 237, pt. 2 syl., 61 S. E. 155; *Hysell* v. *Central City,* 68 W. Va. 769, pt. 2 syl., 70 S. E. 767; *Paugh* v. *City of Parsons,* 74 W. Va. 425, syl., 82 S. E. 204; *Fields* v. *City of Spencer,* 111 W. Va. 355, syl., 161 S. E. 613; *Smith* v. *City of Bluefield,* 132 W. Va. 38, pt. 3 syl., 55 S. E. 2d 392. A plaintiff may be denied re-

covery in a case of this nature, not only because of his contributory negligence, but also on the basis of principles relating to assumption of risk. *Boyland* v. *City of Parkersburg,* 78 W. Va. 749, pt. 4 syl., 90 S. E. 347.

We believe and therefore hold that the trial court erred in refusing to submit to the jury the issues of contributory negligence and assumption of risk. The 1955 model Chevrolet automobile which the plaintiff was operating at the time he sustained the injuries and damages of which he complains was approximately sixteen and one-half feet in length. There was testimony from which the jury might reasonably have found that the automobile was completely off the pavement and even off the right of way and wholly on the private property of Thelma Shaw when it was struck by the falling boulder. It is undisputed that the two warning signs have been in existence since 1935 and it was common knowledge in the city and community that a dangerous situation had existed over a long period of time because of falling stones. The plaintiff testified that he was cognizant of that dangerous situation at the time he backed his automobile in the direction of the rock precipice or cliff and permitted it to stand at that place.

The defendant complains also of the action of the trial court in granting Plaintiff's Instruction No. 1 which, with emphasis supplied, is as follows:

> "The Court instructs the jury that it was the duty of the defendant, the City of Mannington, to keep Pyles Avenue, a public street, in good repair and in reasonably safe condition for travel by the public and this plaintiff, and that the duty to keep said street in repair included not only the paved portion of the road or the right of way itself, but *the surrounding terrain,* including the slopes of said street or avenue, and if the jury find and believe that the said City of Mannington has failed to keep said street *and the surrounding slopes* in reasonably safe condition for travel by the public and this plaintiff, and the plaintiff was injured, as a proximate result of said conduct, then said defendant, the City of Mannington, is liable in this action."

To the granting of that instruction counsel for the municipality objected on the ground that there was no duty on the part of the city "to keep the surrounding terrain in repair." We believe that the language used in the instruction is too broad, of a nature likely to have misled the jury and that the giving of the instruction constituted prejudicial error.

It is true that the duty of a municipality to keep its public streets and alleys in a reasonably safe condition for travel "extends, not only to that part of such streets actually used for travel, but to adjacent parts so close to the traveled way as that it may reasonably be contemplated that obstructions thereon or defects therein may cause injury to travelers, should they slightly diverge from the beaten path or traveled way." *Garr* v. *City of McMechen*, 86 W. Va. 594, pt. 2 syl., 104 S. E. 101; *Taylor* v. *City of Huntington*, 126 W. Va. 732, pt. 1 syl., 30 S. E. 2d 14. See also *Waddell* v. *City of Williamson*, 98 W. Va. 547, pt. 5 syl., 127 S. E. 396. We construe these cases to hold that a municipality's obligation in this respect extends to and embraces portions of its streets or alleys which are not paved and portions which are not customarily traveled; but we do not construe them to hold that an obligation is imposed upon the municipality in relation to defects or dangerous situations existing on private property near or adjacent to the street or alley. We believe the correct rule in this respect is stated in the third point of the syllabus of *Biggs* v. *City of Huntington*, 32 W. Va. 55, 9 S. E. 51, as follows: "This duty of a city or town in this state to keep its streets, sidewalks, alleys, etc., safe for foot-passengers and vehicles, is not met by keeping simply the bed of the highway or the surface of the sidewalk in proper condition; but such duty is violated if a dangerous excavation or open well be permitted so close to the margin of the sidewalk or highway as to make the use of them as such dangerous. *But if a traveler unnecessarily, for his own convenience, deviates designedly from the highway, and in so doing meets with an accident outside of the highway, the city cannot be responsible, no matter how near the highway the obstructions may be.*" (Italics supplied.)

We are not aware of any prior decision of this Court holding that liability may be imposed on a municipality under the statute involved in this case by reason of a defect or dangerous situation existing on private property near a city street, alley or sidewalk. The contrary is indicated by *Watkins* v. *County Court of Preston County,* 30 W. Va. 657, 5 S. E. 654, in which it was held that the county was not liable for personal injuries sustained by the plaintiff by reason of the falling of a dead tree which previously had stood five feet from the highway on private property; and *Toler* v. *City of Charleston,* 115 W. Va. 191, 174 S. E. 891, in which it was held that the municipality was not liable in damages to a plaintiff who suffered personal injuries while a pedestrian on a public sidewalk by reason of the falling of a limb from a tree standing upon adjacent private property. Other cases, while not direct precedents for the precise situation presented by this case, are pertinent in determining when a street, alley or sidewalk may be considered out of repair so as to impose liability on a municipality under the statute. In *Haney* v. *Town of Rainelle,* 125 W. Va. 397, 25 S. E. 2d 207, it was held that the municipality was not liable in damages to one who sustained personal injuries while using a board walkway which led from a public street to a municipal jail. See also *Carder* v. *City of Clarksburg,* 100 W. Va. 605, 131 S. E. 349; *Douglass* v. *Roane County Court,* 90 W. Va. 47, 110 S. E. 439; *Holsberry* v. *City of Elkins,* 86 W. Va. 487, 103 S. E. 271.

In the light of the authorities to which we have referred, the Court holds that the evidence in this case fails to disclose that the street was out of repair so as to impose any basis of liability against the municipality under the statute.

For reasons stated, the judgment of the Circuit Court of Marion County is reversed, the verdict of the jury is set aside, and the defendant is awarded a new trial.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*